UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMSTRONG PUMP, INC.,

                              Plaintiff,

                                                      **Hon. Hugh B. Scott**

               v.
                                                      10CV446S

                                                      **Report
                                                      &
                                                      Recommendation**

THOMAS HARTMAN d/b/a THE
HARTMAN COMPANY and
OPTIMUM ENERGY LLC,

                              Defendants.


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 74, Order of Aug. 25, 2011; see also Docket No. 13, initial Referral Order of

July 19, 2010).  The instant matter before the Court is defendant Optimum Energy LLC's

(hereinafter "Optimum Energy") motion (Docket No. 70[1]) to dismiss plaintiff's Amended

Counterclaim for a declaratory judgment of patent invalidity (Docket No. 68, ¶¶ 147-56) for

failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8.  Co-

Defendant Thomas Hartman d/b/a The Hartman Company (hereinafter "Hartman") joins in this

motion (Docket No. 71).

_____

        [1]In support of this motion, Optimum Energy submits its attorney's Declaration (with
exhibits), Memorandum of Law, Docket No. 70; and its Reply Memorandum, Docket No. 77.
        In opposition to this motion, plaintiff submits its Memorandum of Law, Docket No. 76.

Responses to this motion initially were due by September 9, 2011, with any replies due by September 16, 2011 (Docket No. 75).

Optimum Energy then filed its motion for partial summary judgment that plaintiff is estopped from claiming that certain of its products marked with particular patents do not practice these patents (Docket No. 78[2]).  Responses to this motion were due by October 14, 2011, with replies due by October 28, 2011 (Docket No. 79).  Both motions were deemed submitted, without oral argument, on October 28, 2011 (Docket No. 79; see Docket No. 75).  The current Scheduling Order (Docket No. 43) deadlines were held in abeyance pending resolution of these motions (Docket No. 79).

Given the related nature of the relief sought in both motions–invalidation of plaintiff's contention that defendants' patents are invalid, both motions will be considered in this Report & Recommendation.

## BACKGROUND

This is a contract dispute commenced in this Court under diversity jurisdiction (see Docket No. 1, Compl.[3] ¶¶ 1-4).  Plaintiff sued defendants for breach of contract and tortious

---

[2]In support of this motion, Optimum Energy submits its Statement of Material Facts, attorneys' Declarations (with exhibits), Memorandum of Law, Docket No. 78; Reply Memorandum of Law, Reply Declaration of its counsel (with exhibit), Reply Statement of Undisputed Facts, Docket No. 83.  Defendant Hartman did not join in this motion.

In opposition, plaintiff submits its Memorandum in Opposition; the declaration of Peter Thomsen, the global director of systems customer solutions group at plaintiff; plaintiff's Statement Pursuant to Local Rule 56, Docket No. 80; and the Declaration of its attorney (with exhibits), Docket Nos. 80, 81, 82 (adding exhibits).

[3]Plaintiff is a New York corporation, while defendant Optimum Energy is a Washington limited liability company, and defendant Hartman is a Texas corporation, Docket No. 1, Compl. ¶¶ 1-3; Docket No. 55, First Am. Compl. ¶¶ 1-3.

interference with a contract. Plaintiff has pioneered products for customers in residential, commercial and industrial markets, developing HVAC chilled water and boiler water systems, pumps and other components (hereafter summarized as "chilled water products") (Docket No. 55, Am. Compl. ¶¶ 8-10). In the late 1990s, Hartman applied for and obtained patents in methods, systems, and devices that improve the overall efficiency of chilled water cooling systems. These patents, collectively called the "LOOP Patents," include U.S. Patent Nos. 5,946,926 (or " '926," variable flow chilled fluid cooling system), 6,257,007 (or " '007," method of control of cooling system condenser fans and cooling tower fans and pumps), and 6,185,946 (or " '946," system for sequencing chillers in a loop cooling plant and other systems that employ all variable-speed units) (id. ¶ 12). Plaintiff entered into negotiations with Hartman to license the LOOP Patents to use in plaintiff's chilled water products (id. ¶ 13). After two years of negotiations, plaintiff signed a license agreement with Hartman (id. ¶ 15, Ex. A), with negotiated exclusive rights to plaintiff to develop chilled water products incorporating the licensed technology (id. ¶¶ 16, 33-39), and right of first refusal to any improvements in the three LOOP Patents (id. ¶¶ 17-18).

Meanwhile, Hartman negotiated with Optimum Energy to obtain rights to the LOOP Patents (id. ¶ 24). Since Optimum Energy was a non-manufacturing entity, Hartman carved out limited rights in its license agreement (id. ¶¶ 27-29, Ex. B). Optimum Energy later went into manufacturing and now directly competes with plaintiff (id. ¶¶ 29, 30). Optimum Energy now seeks an assignment of the LOOP Patents and Hartman agreed to proceed with the sale of these patents despite Hartman's licensing agreement with plaintiff (id. ¶ 31). Hartman entered into a

Patent Purchase Agreement with Optimum Energy on February 9, 2010, and later entered into amended agreement and other ancillary agreements (id. ¶ 40, Ex. C).

Plaintiff alleges that Hartman breached its License Agreement by transferring the rights to Optimum Energy (id. ¶¶ 43-46).  Plaintiff also claims that Optimum Energy tortiously interfered with that License Agreement with Hartman (id. ¶¶ 52-60).

*Proceedings*

Plaintiff commenced this action on May 28, 2010, against defendants (Docket No. 1, Compl.).  After defendants separately answered (Docket Nos. 10, 11), plaintiff moved (without opposition) for leave to amend the Complaint (Docket No. 48; see Docket No. 54, Order granting leave; Docket No. 55, Amended Compl.).  On March 22, 2011, defendants again separately answered the Amended Complaint (Docket Nos. 56, 57).  Optimum Energy's Answer asserted counterclaims against plaintiff (Docket No. 57, ¶¶ 78-132), wherein Optimum Energy claims that it is the successor in interest in plaintiff's License Agreement (id. ¶¶ 85-86) and alleges that plaintiff committed multiple breaches of that Agreement in installing the patented technology in an impermissible manner (id. ¶¶ 87-105).  After seeking a declaratory judgment as to the terms of the licensing agreements of plaintiff and Optimum Energy (id. ¶¶ 106-12), Optimum Energy counterclaims for violation of the License Agreement by plaintiff selling as a stand alone product one of the patented technologies on a particular project, outside the scope of that license (id. ¶¶ 113-24).  Optimum Energy also counterclaims for patent infringement by plaintiff selling the technology as a stand alone product (id. ¶¶ 125-28) and seeks another declaratory judgment as to scope of plaintiff's Licensing Agreement relative to that one purported stand alone product (id. ¶¶ 129-32).

4

Plaintiff initially answered Optimum Energy's counterclaims and asserted its own counterclaims and cross-claims (Docket No. 58).  Optimum Energy later answered plaintiff's counterclaims (Docket No. 60), while Hartman answered Optimum Energy's crossclaims (Docket No. 59).

Plaintiff then moved for leave to amend its answer to Optimum Energy's counterclaims (Docket No. 61) to assert patent-specific defenses and assert a counterclaim for declaratory judgment challenging the validity of defendants' patents, in which defendants did not oppose plaintiff's leave to amend, but reserved their rights to oppose the substance of any amendment (Docket Nos. 63, 64).  Leave was granted on August 2, 2011 (Docket No. 65), and plaintiff filed its Amended Answer (Docket No. 68), the pleading at issue in these motions.  Specifically, plaintiff asserts declaratory judgment counterclaims that the LOOP Patents are invalid and fail to meet the conditions for patentability (id. ¶¶ 147-56), see 35 U.S.C. §§ 101, 102, 103, 112.  Plaintiff denies infringement (id. ¶¶ 117, 113-28; see also Docket No. 78, Optimum Energy Statement ¶ 13).

*Motion to Dismiss*

Defendants argue that plaintiff's counterclaim fails to meet the plausibility standard recently set forth by the United States Supreme Court in Twombly[4] and Iqbal[5].

Plaintiff responds that its counterclaims are consistent with the format authorized by the Federal Rules for simple and brief pleading under Rule 84 (Docket No. 76, Pl. Memo. at 3), see Fed. R. Civ. P. App. of Forms Form 18.  Form 18 merely alleges that a patent was issued to

---

[4]Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).

[5]Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009)

plaintiff on a particular date, that defendant infringed or is still infringing that patent, and

plaintiff complied with statutory notice requirements, id., Form 18, without the detail defendant

now sees is required by Twombly and Iqbal.  Alternatively, plaintiff contends that the

counterclaims meets the standard set forth in Twombly and Iqbal (id. at 6).

Optimum Energy replies that plaintiff has not alleged a theory of invalidity but seeks

discovery to identify one and has not proffered a legal theory or facts to support its allegations

(Docket No. 77, Optimum Energy Reply Memo. at 1, 2).  Optimum Energy distinguishes

Form 18 as applicable only for infringement actions and not for invalidity actions (id. at 6),

where infringement is based upon a single theory and single patent statue provision, 35 U.S.C.

§ 271, whereas invalidity (as alleged by plaintiff) could come under a myriad of theories and

provisions (id. at 6-7).

*Summary Judgment Motion*

Optimum Energy next moves for partial summary judgment to estop plaintiff from

contesting the validity of the LOOP Patents (Docket No. 78, Notice of Motion).  According to

Optimum Energy's (Docket Nos. 78, 83) and plaintiff's (Docket No. 80) Local Rule 56

statements, Hartman was issued the LOOP Patents at issue here.  In February 2005, plaintiff

obtained license rights with respect to the LOOP Patents while in November 2005, Optimum

Energy obtained certain license rights with respect to the same patents (Docket No. 78, Optimum

Energy Statement ¶¶ 2-3[6]).  After plaintiff commenced this action, plaintiff moved for a

temporary restraining Order and preliminary injunction to stop Hartman's sale of the LOOP

Patents to Optimum Energy and the temporary restraining Order was granted but the preliminary

---

[6]Where admitted by plaintiff, the statement of facts of Optimum Energy will be cited.

injunction denied (id. ¶¶ 4-7; Docket Nos. 1, 18, 19, 34, 39).  On March 18, 2011, Optimum

Energy closed on the purchase of the LOOP Patents (Docket No. 78, Optimum Energy Statement

¶ 8).  As the new owners of the LOOP Patents, Optimum Energy asserted compulsory

counterclaims for infringement for sales by plaintiff outside the scope of the license (id. ¶ 10; cf.

Docket No. 80, Pl. Statement ¶ 10, disputing whether counterclaims were compulsory or

permissive).  Optimum Energy points out instances when plaintiff announced that its IPC 11550

control system incorporates the Hartman Loop Technologies system (Docket No. 78, Optimum

Energy Statement ¶¶ 28, 30; Docket No. 78, Ard Decl. ¶ 2, Ex. A, at 1, 3).  Plaintiff argues that it

was contractually obligated to make that notice under the terms of its Licensing Agreement

(Docket No. 80, Pl. Statement ¶ 28).

Plaintiff argues that Optimum Energy identified only one product, IPC 11550, which

infringed upon the patents-in-suit (Docket No. 80, Pl. Statement ¶ 11; cf. Docket No. 78,

Optimum Energy Statement ¶ 11; Docket No. 57, Optimum Energy Ans. ¶¶ 91-94, 99-103, 116-

23, 126-28, 130-32).

Optimum Energy cites to plaintiff's arguments in support of the motion for a temporary

restraining Order and preliminary injunction in which plaintiff claimed that the license to the

LOOP Patents technology was critical to plaintiff's business and that this technology was

incorporated in the chilled water product plaintiff manufactured (Docket No. 78, Optimum

Energy Statement ¶¶ 16-20).

Optimum Energy argues that plaintiff initially contended that the licenses to the LOOP

Patents were important to its business but now questions whether "its products practice the

LOOP Patents" (Docket No. 78, Optimum Energy Memo. at 1-2).  Optimum Energy concludes

that plaintiff cannot claim the license and then deny knowing whether it is applicable (id. at 8, 10).  The underlying dispute is the scope of the two licensing agreements Hartman entered into with plaintiff and Optimum Energy (id. at 2).  Optimum Energy contends that plaintiff only received a license to "Factory Implementation" of the LOOP Patents while Optimum Energy (prior to acquiring the patents themselves) has a "Field Implementation" license for those patents (Docket No. 78, Optimum Energy Atty. Decl. ¶ 14).

Optimum Energy argues that the patent marking estoppel applies here to estop plaintiff from now challenging the validity of the patents it has licensed and publicly claimed as incorporated in its products (Docket No. 78, Optimum Energy Memo. at 10), see Boyd v. Schildkraut Giftware Corp., 936 F.2d 76, 79 (2d Cir.), cert. denied, 502 U.S. 941 (1991).  Later in its reply, Optimum Energy states that partial summary judgment would eliminate a digression into patent discovery and focus this case solely upon the dispute about the scope of the licensing agreements (Docket No. 83, Optimum Energy Reply memo. at 9-10).

Plaintiff denies that IPC 11550 infringes upon any of the LOOP Patents (Docket No. 80, Pl. Memo. at 1).  Plaintiff argues that the IPC 11550 "at best, comprises but one small component of the myriad of chilling and cooling systems claimed in the patents-in-suit–and systems are exactly what Hartman chose to claim" (id.).  Plaintiff made statements referring to the LOOP Patents or the Hartman LOOP technology pursuant to its licensing agreement.  Plaintiff also questioned the validity of the patent marking estoppel doctrine (id. at 1, 9-11) or its application where a party by license is required to mark (id. at 8).  Furthermore, as licensee, plaintiff's actions are within authority of the license and cannot be infringement under 35 U.S.C. § 271(a) (id. at 3, 14-16).

Optimum Energy counters that plaintiff's license only requires them to mark products that incorporate the patented technologies and not products that do not (Docket No. 83, Optimum Energy Reply Memo. at 7).

## DISCUSSION

I.      Applicable Standards

    A.      Motion to Dismiss

Defendant has moved to dismiss plaintiff's counterclaim on the grounds that it states a claim for which relief cannot be granted.  Like a Complaint, cf. Fed. R. Civ. P. 8(a), 13, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a counterclaim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . .
The plausibility standard is not akin to a 'probability requirement,' but it asks for
more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a
complaint pleads facts that are 'merely consistent with' a defendant's liability, it
'stops short of the line between possibility and plausibility of "entitlement to
relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 129 S.Ct. at 1949 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed

to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document

incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In

considering such a motion, the Court must accept as true all of the well pleaded facts alleged in

the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).

However, conclusory allegations that merely state the general legal conclusions necessary to

prevail on the merits and are unsupported by factual averments will not be accepted as true. New

York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions,

235 F. Supp. 2d 123 (N.D.N.Y. 2002).

B.      Motion for Summary Judgment

Summary judgment is appropriate only if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec.

2010). The party seeking summary judgment has the burden to demonstrate that no genuine

issue of material fact exists. In determining whether a genuine issue of material fact exists, a

court must examine the evidence in the light most favorable to, and draw all inferences in favor

of, the non-movant. Ford, supra, 316 F.3d at 354.  "A dispute regarding a material fact is genuine

'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "

Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson

v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the

moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought,

however, "must do more than simply show that there is some metaphysical doubt as to the

material facts. . . . [T]he nonmoving party must come forward with specific facts showing that

there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc.,

283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir.

2002).  The opponent to summary judgment may argue that he cannot respond to the motion

where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to

justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a

separate, short, and concise" statement of material facts, and if movant fails to submit such a

statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2)

(effective Jan. 1, 2011).  The movant is to submit facts in which there is no genuine issue, id. R.

56(a)(1), while the opponent submits an opposing statement of material facts as to which it is

contended that there exists a genuine issue to be tried, id. R. 56(a)(2).  Each numbered paragraph

in the movant's statement will be deemed admitted unless specifically controverted by a

corresponding numbered paragraph in the opponent's statement, id.  Each statement of material

fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

      C.     Patents Standards

      Plaintiff challenges the validity of the three LOOP Patents under 35 U.S.C. §§ 101, 102, 103, or 112.  Section 101 provides that a patent to be valid must be for a useful article or process, 35 U.S.C. § 101.  Section 102 sets forth conditions for patentability, that the invention be novel, the patentee to be the inventor and establishes the broad conditions for patentability, id. § 102. Section 103 states additional conditions for patentability, namely that the invention be non-obvious, id. § 103.  And section 112 requires specification in the patent, id. § 112.  See generally Bilski v. Kappos, 130 S. Ct. 3218, 3225 (2010).

II.     Sufficiency of Plaintiff's Pleading of Counterclaim

      Optimum Energy's twin motions seek to preclude plaintiff from challenging the validity of the LOOP Patents.  On pleading grounds, Optimum Energy first seeks to dismiss plaintiff's counterclaim because it does not meet the pleading standard of Iqbal and Twombly.  On the substantive merits, since plaintiff argued that it relied upon the LOOP Patents in licensing its products it cannot claim at the eleventh hour that it was not aware whether patented processes were being used in its product.  This Court first addresses the pleading contention, then the summary judgment motion.

      Optimum Energy argues that, by "lumping together four different sections of the patent statute, which provides very different possible bases for invalidity of any patent, the counterclaim does not provide any notice of Armstrong's actual theory of invalidity" (Docket No. 70, Optimum Energy Memo. at 5).

Although a judge of this Court has noted the disconnect between Federal Rule 84 and its appended Forms and the Court's decisions in <u>Twombly</u> and <u>Iqbal</u>, Jeremiah J. McCarthy and Matthew D. Yusick, <u>Twombly and Iqbal: Has the Court "Messed Up the Federal Rules"?</u>, 2010 Fed. Cts. L. Rev. 1, 6 (2010) (noting the Form 18 calls for conclusory pleading of patent infringement despite <u>Twombly</u>/<u>Iqbal</u>), the form relied upon by plaintiff applies to patent infringement and not patent invalidity.  Plaintiff needed to allege facts for the basis of the invalidity of the LOOP Patents; all plaintiff alleges is that each patent is invalid for failing to meet "one or more conditions for patentability" (Docket No. 68, Pl. Am. Ans. to Counterclaims ¶¶ 150, 153, 156) without stating which conditions of patentability were not met for each patent. Form 18, dealing with infringement, could be simply alleged by claiming that a patentee has a patent that has been infringed.  Invalidity, however, requires stating the grounds to provide notice to the opponent.  Thus, Optimum Energy's motion to dismiss this answer to its counterclaims (Docket No. 70) should be **granted**.

III.   Plaintiff and Estoppel to Challenge Validity of LOOP Patents

Beyond asserting an Answer to a Counterclaim, Optimum Energy also argues that plaintiff should be estopped from challenging the validity of the LOOP Patents since plaintiff publicly asserts these patents in the processes it markets.  Optimum Energy concludes that plaintiff is estopped from now arguing that its marked products practice the LOOP Patents (Docket No. 78, Optimum Summary Judg. Memo. at 12).

The original Answer to the Counterclaim (Docket No. 58) focused on the competing licensing agreements Hartman had with plaintiff and Optimum Energy.  Without the allegations challenging the underlying patents that are recommended above to be dismissed, there is no

13

reason to engage in the estoppel arguments to preclude plaintiff from denying the validity of the patents (or in particular that the patents did not apply to IPC 11550).

Thus, this Court **need not address Optimum Energy's motion for summary judgment** unless plaintiff's patent invalidity assertions are not dismissed.

IV.   Scheduling

In light of the recommended disposition of these motions, an amended schedule may be in order (see Docket No. 79).  Therefore, a Status and potential Scheduling Conference shall be held on **Wednesday, January 18, 2012, at 2:15 pm,** before the undersigned at which time an amended schedule and the status of any objections to this Report & Recommendation will be discussed.

**CONCLUSION**

Based upon the above, it is recommended that defendant Optimum Energy LLC's motion to dismiss (Docket No. 70) plaintiff's Amended Counterclaim for a declaratory judgment of patent invalidity (see Docket No. 68) for failure to state a claim be **granted** (with defendant Thomas Hartman joining in this motion) and defendant Optimum Energy's motion for partial summary judgment (Docket No. 78) **need not be considered** given the recommendation to dismiss the patent invalidity grounds.

A Status and Scheduling Conference shall be held on **Wednesday, January 18, 2012, at 2:15 pm,** before the undersigned.

14

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

15

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 29, 2011