UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMSTRONG PUMP, INC.

                Plaintiff,

v.                             **DECISION AND ORDER**

MR. THOMAS HARTMAN d/b/a            10-CV-446S(Sc)
THE HARTMAN COMPANY, and
OPTIMUM ENERGY, LLC,

                Defendants.

## I. INTRODUCTION

This case was referred to United States Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). On December 29, 2011, Magistrate Judge Scott issued a Report and Recommendation (Docket No. 84) on Defendant Optimum Energy's Motion to Dismiss Plaintiff's Amended Counterclaim for a Declaratory Judgment of Patent Invalidity (Docket No. 70)[1] and its Motion for Partial Summary Judgment (Docket No. 78). He recommends that Optimum's motion to dismiss Plaintiff's counterclaim be granted and, in light of that recommendation, that there is no need to rule on Optimum's motion for partial summary judgment.

Presently before this Court are both Optimum's (Docket No. 87) and Armstrong's (Docket No. 88) objections to the Report and Recommendation. The objections are fully

---

[1] Defendant Hartman d/b/a The Hartman Company (hereafter, "Hartman") joins in the motion to dismiss the amended counterclaim. (Docket No. 71.)

1

briefed, and the matter is now before this Court for review.

## II. BACKGROUND

Armstrong commenced this contract action on May 28, 2010, and filed an Amended Complaint on March 8, 2011. Its claims relate to a License Agreement between Armstrong and Hartman, involving three patents then owned by Hartman to which he granted Armstrong certain exclusive rights.[2] Hartman also entered into a license agreement with Defendant Optimum Energy granting it certain other rights in the same patents. Armstrong now claims that Hartman breached their License Agreement and that Optimum Energy tortiously interfered with that Agreement.

In answering the Amended Complaint, Optimum alleged that it is Hartman's successor in interest in the at-issue License Agreement, and asserted counterclaims against Armstrong for breach of contract and patent infringement. Armstrong answered Optimum's counterclaims, and asserted counterclaims against Optimum and crossclaims against Hartman, alleging additional breaches of the License Agreement.

Armstrong subsequently sought leave to amend its answer and counterclaims as to Optimum to add counterclaims for patent invalidity. The motion to amend was granted, and Armstrong filed its amended answer on August 8, 2011. Optimum thereafter moved to dismiss Armstrong's newly-added counterclaims (Docket No. 70), and to estop Armstrong from claiming that its products marked with the LOOP patents do not practice the LOOP patents (Docket No. 78). These two motions are the subject of the challenged Report and Recommendation.

---

[2] The patents—U.S. Patents 5,946,926; 6, 257,007; and 6,185,946—are collectively referred to as the LOOP patents.

In his Report and Recommendation, Magistrate Judge Scott concluded that Armstrong's counterclaims for patent invalidity fail to meet minimal pleading standards. Armstrong objects to the recommendation that its counterclaims be dismissed for failure to state a claim. The Magistrate Judge further concluded that, in light of the first recommendation, there is no need to address Optimum's request that Armstrong be estopped from claiming its products do not practice the LOOP patents. Both Armstrong and Optimum contend that the recommendation on the first motion does not negate the need to address the second motion, and proceed to argue for opposing outcomes in that regard.

### III.  DISCUSSION

**A.   Standard of Review**

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. United States v. Singleton, 608 F. Supp. 2d 397, 401 (W.D.N.Y. 2009) (citing White v. Fischer, No. 04-CV-5358, 2008 U.S. Dist. LEXIS 69110, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008)).

After reviewing the Report and Recommendation and the objections thereto, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Objections**

    **1.     Armstrong's Counterclaims for Patent Invalidity**

In its counterclaims for patent invalidity, Armstrong alleges that "an actual controversy exists between Armstrong and Optimum or Hartman regarding the validity of the [LOOP patents]," and that "[a]ll claims of the ['926, '007, and '946] patent[s] are invalid for failing to meet one or more conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112." (Docket No. 68 ¶¶ 149-50, 152-53, 155-56.) Neither the Amended Complaint nor the Amended Answer to Optimum's Counterclaims provide any facts to suggest how or in what way the patents are invalid. Magistrate Judge Scott recommends dismissal based on this failure to allege any factual basis for the relief requested.

Armstrong contends that the Magistrate Judge erred in applying the pleading standards set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), which require that a plaintiff plead some facts in support of legal conclusions. See Iqbal, 129 S. Ct. at 1950 (though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Relying on Automated Transactions, LLC v. First Niagara Fin. Group, Inc., No. 10 Civ. 407, 2010 U.S. Dist. LEXIS 141275 (W.D.N.Y. Aug. 31, 2010), Armstrong argues that this District has rejected the Twombly/Iqbal standard as inconsistent with the simplicity and brevity of pleading contemplated by Federal Rule of Civil Procedure 84 and the Appendix of Forms to the Federal Rules.

I find no need to resolve, on these objections, the tension that may exist between

Twombly/Iqbal and the Appendix Forms because Armstrong's counterclaims for patent invalidity are insufficient under either standard.  Here, Plaintiff conclusorily alleges that every claim in each of three patents fails to meet one or multiple unspecified conditions for patentability.  The Amended Complaint and amended counterclaims are devoid of any facts that would suggest which deficiency(ies) apply to which patent(s) or claim(s) and therefore do not give fair notice to Optimum of the basis for the counterclaims.  Even the Appendix Forms, on which Armstrong relies, require some factual content, minimal or generalized though it may be.  Each requires that a plaintiff identify a date, document, event, and/or conduct that forms the basis for his or her claims.  None suggest a declaration that a statute has been violated, standing alone, is sufficient to survive a motion to dismiss.  Accordingly, Armstrong's objection is denied and this Court accepts the recommendation that the counterclaims for patent invalidity be dismissed for failure to state a claim.

### 2. Optimum's Motion for Partial Summary Judgment

Optimum moved for partial summary judgment, not on a claim or counterclaim, but with regard to Armstrong's purported strategy in this case.  Citing two paragraphs of Armstrong's answer to the Optimum counterclaims, Optimum argued that Armstrong cannot "feign ignorance or deny that its marked products practice the LOOP patents." (Docket No. 78-15 at 2, 8.)  It went on to complain that based on Armstrong's "sudden patent invalidity counterclaim, Armstrong now contends that full-blown patent discovery is required in this case" and that Optimum's motion is necessary to maintain the proper focus of this case.  (*Id*. at 3-4.)

After recommending that Armstrong's patent invalidity counterclaims be dismissed, Magistrate Judge Scott concluded there was no need to address Optimum's motion for partial summary judgment. Optimum objects to this conclusion, and Armstrong joins in the objection. In particular, Optimum argues that the Magistrate Judge erroneously characterized the purpose of its motion as one to estop Armstrong from challenging the validity of the LOOP patents when, in fact, it seeks to estop Armstrong from denying its products practice those patents. As such, Optimum concludes, the motion is not moot and needs to be addressed.

This Court agrees that the Magistrate Judge's description of the relief sought is at odds with Optimum's motion. Nevertheless, the objections are denied for the reasons stated below.

At the outset, this Court disagrees with Optimum's characterization of Armstrong's answer to its counterclaim as a denial that a particular Armstrong product infringes a particular patent or patents. No such denial is evident on the face of that pleading or the Amended Complaint. As such, this issue is anticipatory, at best. To the extent it may become part of the underlying dispute over the scope of Armstrong's and Optimum's respective license agreements, it is more appropriately addressed when that dispute is ripe for consideration. *See, e.g.*, Elite Licensing v. Thomas Plastics, Inc., 250 F. Supp. 2d 372 (S.D.N.Y. 2003) (considering estoppel issue in context of preliminary injunction motion where party opposing motion affirmatively claimed that its products were not covered by the patent number with which they were marked). Accordingly, I find this motion is premature, rather than moot, and the recommendation for dismissal is accepted with the modification that the dismissal is without prejudice.

## IV.  CONCLUSION

This Court accepts the recommendation in Magistrate Judge Scott's December 29, 2011 Report and Recommendation, as modified herein.

## V.  ORDERS

IT HEREBY IS ORDERED, that this Court accepts Magistrate Judge Scott's December 29, 2011 Report and Recommendation (Docket No. 84), for the reasons given and the additional reasons stated herein, except that the Report and Recommendation is modified with respect to the dismissal of Optimum Energy LLC's Motion for Partial Summary Judgment.

FURTHER that Defendant Optimum Energy LLC's Motion to Dismiss Armstrong's Amended Counterclaim for Patent Invalidity (Docket No. 70) is GRANTED.

FURTHER that Defendant Optimum Energy LLC's Motion for Partial Summary Judgment (Docket No. 78) is DENIED WITHOUT PREJUDICE, as premature.

SO ORDERED.

Dated:  March 25, 2012
         Buffalo, New York

                                                                  /s/William M. Skretny
                                                               WILLIAM M. SKRETNY
                                                                       Chief Judge
                                                              United States District Court