UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARMSTRONG PUMP, INC.,

                      Plaintiff,

                                                           **Hon. Hugh B. Scott**

        v.

                                                               10CV446S

                                                                  **Order**

THOMAS HARTMAN d/b/a THE
HARTMAN COMPANY and
OPTIMUM ENERGY LLC,

                      Defendants.
_____

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 74, Order of Aug. 25, 2011; see also Docket No. 13, initial Referral Order of July 19, 2010). The instant matter before the Court is plaintiff's motion (Docket No. 97[1]) for leave to replead and amend its Answer to the counterclaims asserted by defendant Optimum Energy LLC (hereinafter "Optimum Energy") (Docket No. 57, Ans. To First Am. Compl. With Counterclaims, ¶¶ 78-132). Previously, Optimum Energy moved (Docket No. 70) to dismiss plaintiff's Amended Counterclaim for a declaratory judgment of patent invalidity (Docket

---

[1] In support of its motion, plaintiff submits its motion with exhibits (the proposed amendment, Ex. A, and a redline/strikeout version, Ex. B), Docket No. 97; and its Reply to Optimum's Opposition to Motion for Leave to Replead and Amend, Docket No. 104, with exhibit, the declaration of Thomas Love, a professional engineer retained by plaintiff. In opposition, Optimum Energy submits its opposing Memorandum of Law, Docket No. 101. Also in opposition, Hartman submits his attorney's declaration, Docket No. 102, joining in Optimum Energy's response.

No. 68, ¶¶ 147-56) for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8. Co-Defendant Thomas Hartman d/b/a The Hartman Company (hereinafter "Hartman") joined in that motion (Docket No. 71). Optimum Energy then filed its motion for partial summary judgment arguing that plaintiff was estopped from claiming that certain of its products marked with particular patents do not practice these patents (Docket No. 78). This Court recommended granting Optimum Energy's motion (Docket No. 84), <u>Armstrong Pump v. Hartman</u>, No. 10CV446, 2011 U.S. Dist. LEXIS 154372 (W.D.N.Y. Dec. 29, 2011) (Scott, Mag. J.), and Chief Judge Skretny adopted and modified this recommendation, finding that plaintiff's counterclaims for patent invalidity were insufficiently plead and found the motion for summary judgment to be premature and dismissed that motion without prejudice (Docket No. 96, Order of Mar. 26, 2012, at 4-5, 6), <u>Armstrong Pump v. Hartman</u>, No. 10CV446, 2012 U.S. Dist. LEXIS 41252 (W.D.N.Y. Mar. 26, 2012) (Skrenty, C.J.). The next day, plaintiff filed the present motion for leave to replead and to amend (Docket No. 97). Familiarity with that Report and the Chief Judge's Order is presumed.

Also pending before this Court is Optimum Energy's motion to compel (Docket No. 99) which does not appear to involve the patent invalidity issues in the motion for leave to amend (<u>cf.</u> Docket No. 104, Pl. Reply Memo. at 4 (Optimum Energy has not asked for documents concerning the patent invalidity counterclaims)). Briefing for that motion is pending (<u>see</u> Docket No. 100).

Responses to this motion were due by April 18, 2012, with any replies due by April 27, 2012, and argument on May 2, 2012 (Docket Nos. 98, 106 (argument minutes)).

The deadlines of the current Scheduling Order (Docket No. 43) were held in abeyance pending resolution of Optimum Energy's earlier motions (Docket No. 79). After objections were filed to this Court's Report & Recommendation, a status conference previously scheduled to review the Scheduling Order was adjourned to be reset once the objections were resolved (Docket No. 89). During argument of plaintiff's latest motion for leave to amend, a status conference was held also (see Docket No. 98), wherein the concern that a schedule could not be entered at this time without first resolving the issues whether to grant leave to amend to replead claims of patent invalidity which in turn, if granted, would involve scheduling a Markman[2] hearing (Docket No. 106).

## BACKGROUND

This is a contract dispute commenced in this Court under diversity jurisdiction (see Docket No. 1, Compl.[3] ¶¶ 1-4). Plaintiff initially sued defendants for breach of contract and tortious interference with a contract. Plaintiff claims that it has pioneered products for customers in residential, commercial and industrial markets, developing HVAC chilled water and boiler water systems, pumps and other components (hereafter summarized as "chilled water products") (Docket No. 55, Am. Compl. ¶¶ 8-10). In the late 1990s, Hartman applied for and obtained patents in methods, systems, and devices that improve the overall efficiency of chilled water cooling systems. These patents, collectively called the "LOOP Patents," include U.S. Patent

---

[2] Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

[3] Plaintiff is a New York corporation, while defendant Optimum Energy is a Washington limited liability company, and defendant Hartman is a Texas corporation, Docket No. 1, Compl. ¶¶ 1-3; Docket No. 55, First Am. Compl. ¶¶ 1-3.

Nos. 5,946,926 (or " '926," variable flow chilled fluid cooling system), 6,257,007 (or " '007," method of control of cooling system condenser fans and cooling tower fans and pumps), and 6,185,946 (or " '946," system for sequencing chillers in a loop cooling plant and other systems that employ all variable-speed units) (id. ¶ 12).  Plaintiff entered into negotiations with Hartman to license the LOOP Patents to use in plaintiff's chilled water products (id. ¶ 13).  After two years of negotiations, plaintiff signed a license agreement with Hartman (id. ¶ 15, Ex. A), with negotiated exclusive rights to plaintiff to develop chilled water products incorporating the licensed technology (id. ¶¶ 16, 33-39), and right of first refusal to any improvements in the three LOOP Patents (id. ¶¶ 17-18).

Meanwhile, Hartman negotiated with Optimum Energy for the latter to obtain rights to the LOOP Patents (id. ¶ 24).  Since Optimum Energy was a non-manufacturing entity, Hartman carved out limited rights in its license agreement (id. ¶¶ 27-29, Ex. B).  Optimum Energy later went into manufacturing and now directly competes with plaintiff (id. ¶¶ 29, 30).  Optimum Energy sought an assignment of the LOOP Patents and Hartman agreed to proceed with the sale of those patents despite Hartman's licensing agreement with plaintiff (id. ¶ 31).  Hartman entered into a Patent Purchase Agreement with Optimum Energy on February 9, 2010, and later entered into an amended agreement and other ancillary agreements (id. ¶ 40, Ex. C).

Plaintiff alleges that Hartman breached its License Agreement by transferring the rights to Optimum Energy (id. ¶¶ 43-46).  Plaintiff also claims that Optimum Energy tortiously interfered with that License Agreement with Hartman (id. ¶¶ 52-60).

*Proceedings*

Plaintiff commenced this action on May 28, 2010, against defendants (Docket No. 1, Compl.). Hartman (Docket No. 15) and Optimum Energy (Docket No. 17) each moved to dismiss and plaintiff moved for a temporary restraining order (Docket No. 18; see Docket No. 19, plaintiff's motion for expedited hearing). Chief Judge Skretny denied Hartman and Optimum Energy's motions to dismiss (holding in abeyance each of their arguments that the Complaint failed to state a claim), granted plaintiff a temporary restraining order (Docket No. 34; see also Docket No. 38 (extending the temporary restraining order by fourteen days)), but later denied plaintiff a preliminary injunction (Docket No. 39).

After defendants separately answered (Docket Nos. 10, 11), plaintiff moved (without opposition) for leave to amend the Complaint (Docket No. 48; see Docket No. 54, Order granting leave; Docket No. 55, Am. Compl.). The Amended Complaint, filed March 8, 2011, alleges claims for breach of contract and tortious interference with a contract (Docket No. 55, Am. Compl. ¶¶ 42-51, 52-60). On March 22, 2011, defendants again separately answered the Amended Complaint (Docket Nos. 56, 57). Optimum Energy's Answer asserted counterclaims against plaintiff (Docket No. 57, ¶¶ 78-132), wherein Optimum Energy claims that it is the successor in interest in plaintiff's license agreement (id. ¶¶ 85-86) and alleged that plaintiff committed multiple breaches of that agreement in installing the patented technology in an impermissible manner (id. ¶¶ 87-105). After seeking a declaratory judgment as to the terms of the licensing agreements of plaintiff and Optimum Energy (id. ¶¶ 106-12), Optimum Energy alleged counterclaims for violation of the license agreement by plaintiff selling as a stand alone product one of the patented technologies on a particular project, outside the scope of that license

(id. ¶¶ 113-24), and sought another declaratory judgment as to scope of plaintiff's licensing agreement relative to that one purported stand alone product (id. ¶¶ 129-32).

*Patent Allegations Introduced*

In its Answer to the Amended Complaint, Optimum Energy also asserted counterclaims for patent infringement by plaintiff selling the technology as a stand alone product (id. ¶¶ 125-28).

Hartman in his Answer did not assert any counterclaims (cf. Docket No. 56).

Plaintiff initially answered Optimum Energy's counterclaims, raising various affirmative defenses, and asserted its own counterclaims and cross-claims based on the terms of the license agreement (Docket No. 58, Ans. of Plaintiff to Am. Compl, Counterclaim, Crossclaim, filed Apr. 12, 2011).  Optimum Energy then answered plaintiff's counterclaims (Docket No. 60), while Hartman answered Optimum Energy's crossclaims (Docket No. 59).

Plaintiff then moved for leave to amend its answer to Optimum Energy's counterclaims (Docket No. 61) to assert patent-specific defenses and to assert a counterclaim for declaratory judgment challenging the validity of defendants' patents.  Defendants did not oppose plaintiff's leave to amend, but reserved their respective rights to oppose the substance of any amendment (Docket Nos. 63, 64).  Leave to amend was granted on August 2, 2011 (Docket No. 65), and plaintiff filed its Amended Answer (Docket No. 68).  Specifically, plaintiff asserted there declaratory judgment counterclaims that the LOOP Patents are invalid and fail to meet the conditions for patentability (id. ¶¶ 147-56), see 35 U.S.C. §§ 101, 102, 103, 112.  Plaintiff denies infringement (id. ¶¶ 117, 113-28; see also Docket No. 78, Optimum Energy Statement ¶ 13).

Optimum Energy then moved to dismiss plaintiff's amended counterclaim for patent invalidity (Docket No. 70), to which Hartman joined (Docket No. 71).  Defendants argued that plaintiff's counterclaim fails to meet the plausibility standard recently set forth by the United States Supreme Court in Twombly[4] and Iqbal[5].  Optimum Energy next moved for partial summary judgment to prevent plaintiff from contesting the validity of the LOOP Patents (Docket No. 78, Notice of Motion).

This Court recommended that Optimum Energy's motion to dismiss the amended counterclaim be granted, but its motion for summary judgment did not need to be considered at that time (Docket No. 84).  The parties filed objections to this Report & Recommendation (Docket Nos. 85, 88 (Optimum Energy), 86, 87 (plaintiff)) and Chief Judge Skretny accepted in part and modified that Report, granting Optimum Energy's motion to dismiss but denied without prejudice as being premature its motion for summary judgment (Docket No. 96), as discussed above.

*Plaintiff's Motion for Leave to Replead and Amend*

The next day, plaintiff filed the present motion for leave to replead and amend (Docket No. 97).  Plaintiff asserts additional facts in its new counterclaim and alleges specific grounds for the counterclaim, such as prior art or obviousness as described in cited articles from 1980s and 1990s (id. Exs. A,  B).  Plaintiff argues that, under Federal Rule of Civil Procedure 15(a), amendment of pleadings is freely given and should be granted here (id. at 2).  It denies that defendants can establish unfair prejudice (id. at 3), it argues that it acted in good faith, it has not

---

[4]Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).

[5]Ashcroft v. Iqbal, 556 U.S. 662 (2009)

7

unduly delayed in seeking leave to amend, and that amendment here would not be futile (id. at 4-5).

Optimum Energy objects to granting leave to amend arguing that plaintiff failed to act in good faith; that it did not act in a timely fashion; that Optimum Energy would be prejudiced by an amendment; and that an amendment would be futile because the proposed pleading is as deficient as the dismissed counterclaim (Docket No. 101, Optimum Energy Memo. at 5-8, 9-10, 10-12, 12-16). As for bad faith, Optimum Energy contends that plaintiff initially argued that the patents were essential to its business, seeking a temporary restraining order against their sale and now plaintiff argues that these very patents are invalid (id. at 5). Optimum Energy contends that plaintiff now asserts its invalidity counterclaim when it knew of the grounds all this time (id.). Alternatively, Optimum Energy seeks to recover its attorney's fees and costs as a condition for amending the pleading (id. at 16-17).

Plaintiff replies that it waited until resolution of the motion to dismiss the initially plead counterclaim before seeking leave to amend it (Docket No. 104, Pl. Reply Memo. at 1, 6-8). Plaintiff claims that it acted in good faith, that its status as patent licensee is not inconsistent with its challenge to the validity of the patents-in-suit (id. at 3). Plaintiff merely seeks to "add more detail to remedy the dismissal" (id. at 4). Plaintiff began to construct its patent invalidity theories only after Optimum Energy added the patent infringement counterclaim on March 22, 2011 (id.). Plaintiff again denies that Optimum Energy would be unduly prejudiced by this amendment (id. at 5-6) or that the amendment is futile (id. at 8-9). Plaintiff argues that granting this amendment would expedite the proceedings and is in the interest of judicial economy, to decide the patent validity and infringement issues in the same court (id. at 9). Finally, plaintiff denies that

Optimum Energy should be entitled to attorney's fees as the price for granting leave to amend (id. at 9).

## DISCUSSION

I.   Applicable Standards

Under Federal Rule of Civil Procedure 15(a), amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. Under Rule 15(a) motions for leave to amend a pleading are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

II.   Application

As noted by Optimum Energy during oral argument, the reasons for not freely granting leave to amend are disjunctive; any ground would suffice and the opponent to an amendment need not show undue prejudice if another reason exists for denying leave.

A.   Bad Faith

There is no bad faith established here. Plaintiff's initial attempt to assert patent invalidity counterclaims were denied for lack of detail and being devoid of facts to give defendants fair notice of the basis for the counterclaims (Docket No. 96, Order of Mar. 26, 2012, at 4-5). Under

Twombly/Iqbal or the Appendix Forms to the Federal Rule of Civil Procedure 84, the plaintiff is not required to plead every fact it could to assert its claim when it learns of a fact, cf. Fed. R. Civ. P. 8(a)(2) (short and plain statement of the claim). The plaintiff need only allege facts that "must be enough to raise the right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) or state a claim for relief that is plausible on its face, Ashcroft v. Iqbal, 556 U.S. 662, 678; Twombly, supra, 550 U.S. at 570, to survive a motion to dismiss for failure to state a claim. The fact that plaintiff here may have had more information than it alleged initially and waited to raise it after the counterclaim was dismissed does not mean it acted in bad faith.

    B.    Futility

Optimum Energy argues that the proposed amendment still fails to allege facts that make its allegations plausible, asserting only amplified legal conclusions (Docket No. 101, Optimum Energy Memo. at 13). The proposed amended counterclaim lists various articles prior to the patent that plaintiff concludes are examples of prior art or obviousness of the patents that render them invalid under 35 U.S.C. §§ 102 and 103 (see Docket No. 97, Exs. A, B). For the alleged invalidity under 35 U.S.C. § 101 for unpatentable subject matter, plaintiff alleges conclusively that each patent is unpatentable (id. Ex. A, proposed 2d Am. Ans. ¶¶ 150, 153, 156) without stating facts to show how they were unpatentable. Section 101 allows anyone who invents or discovers "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" to obtain a patent "subject to the conditions and requirements" of title 35 of the United States Code, 35 U.S.C. § 101. Plaintiff makes no factual allegation how § 101 was violated.

Another district court recently found that a counterclaim was conclusory and failed to sufficiently plead patent invalidity under Twombly and Iqbal, Memory Control Enter., LLC v. Edmunds.com, Inc., No. CV 11-7658 PA (JCx), 2012 U.S. Dist. LEXIS 31501, at *7-10 (C.D. Cal. Feb. 8, 2012).  There, the plaintiff counterclaimed alleging that the patent violated 35 U.S.C. §§ 101, 102, 103, 112 and listed a non-exhaustive list of grounds for invalidity but failed to state facts supporting that invalidity, id. at *7-8; see also PPS Data, LLC v. Availity, LLC, No. 3:11-cv-747-J-37TEM, 2012 U.S. Dist. LEXIS 9452, at *3-4 (M.D. Fla. Jan. 26, 2012) (pleading counterclaim seeking declaratory judgement as to non-infringement needs to allege more than patents at issue, formulaic recitations of claims that patents are not infringed and invalid).

Here, plaintiff alleges the absence of specification under 35 U.S.C. § 112 for each patent and literature providing prior art or obviousness under §§ 102 and 103 to state claims.  Plaintiff's contentions under § 101, however, fail to allege facts that would put defendants on notice of the points where the patents are otherwise invalid.  Plaintiff needs to allege more than the conclusion that the patented devices or processes are unpatentable.

But this is a motion for leave to amend and determining whether it would be futile to amend the pleading and not whether such pleading, if allowed, would be later dismissed.  "A proposed claim may be labeled futile only where it is clearly 'frivolous or legally insufficient on its face,'" Gallegos v. Brandeis Sch., 189 F.R.D. 256, 259 (E.D.N.Y.) (Pohorelsky, Mag. J.), adopted, 189 F.R.D. 256 (E.D.N.Y. 1999) (quoting Sterling v. Interlake Indus., 154 F.R.D. 579, 589 (E.D.N.Y. 1994)).  "If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment," Gallegos, supra, 189 F.R.D. at 259, "even where the possibility of relief is remote, amendment

11

must be permitted because it is the possibility of recovery, not its likelihood, that guides the court's analysis, id. (citations omitted).

Section 101 of the Patent Code incorporates compliance with other sections of Title 35 of the United States Code, hence plaintiff's pleading its counterclaim under the other provisions saves the § 101 ground because defendants are given notice of non-compliance with § 101 through the alleged violations of the other cited sections. Plaintiff's amendments state facts and circumstances that would not render amendment futile.

  C. Undue Prejudice to Defense

Prejudice would arise if, for example, the movant changes its position and its opponent, relying upon the earlier position, was now forced to address new contentions at a cost of time and effort. Prejudice entails consideration of the hardship to the movant if leave is denied, the reasons for the movant failing to include the material in the original pleading, and the injustice to the opponent should the motion be granted, 6 Wright, Miller & Kane, supra, § 1487, at 621, 623. Here, since Optimum Energy raised the patents as a claim in this licensing agreement dispute, plaintiff amended its Answer to the counterclaim to contest the validity of the patents. Optimum Energy has been aware of this and is not prejudiced by plaintiff's attempt to reassert this dismissed counterclaim. Plaintiff's amendment amplifies its pleading where this Court noted that it was deficient, in stating in more detail the facts supporting the invalidity claims.

  D. Undue Delay

Optimum Energy argues that plaintiff was aware of the facts for its invalidity counterclaim and delayed revealing it until after its first try to assert it was dismissed. But, as stated above regarding bad faith, plaintiff was not obligated to allege every fact the first time to

support filing its counterclaim.  To determine whether there was undue delay, the key is the time between the dismissal of plaintiff's initial counterclaim and the filing of its proposed amendment, not some earlier time when plaintiff might have been aware of the underlying facts. Plaintiff almost immediately filed its amendment to try to replead that claim.  Hence, there was no undue delay.

  E.  In Sum

Denial of leave to amend can occur if any reason stated in the rule--undue delay, bad faith, prejudice to defendants, or futility--arises.  This Court finds that none of these reasons apply to justify denying leave.  There has been no undue delay or prejudice to defendants, plaintiff can assert these claims, and plaintiff did not act in bad faith in not alleging them in the earlier iteration of the counterclaim.

As a result, plaintiff is to file and serve its Second Amended Answer, similar to the exhibit attached to its motion (Docket No. 97, Ex. A), by **May 21, 2012**; defendants may reply to this Answer, see Fed. R. Civ. P. 7(a)(7), 12(a)(4), by **June 5, 2012**.

  F.  Condition for Amendment?

Optimum Energy alternatively argues that if leave to amend is granted plaintiff should pay defendants' attorneys' fees and expenses as a condition for obtaining this relief (Docket No. 101, Optimum Energy Memo. at 16-17).  As noted (id. at 16), this Court has the discretion to impose costs in granting leave to amend the pleading, see 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1486, at 604 (2d Civil Ed. 1990).  This Court **declines** to condition granting this leave.  The instances where courts have conditioned leave to amend were to cover the costs incurred for pleadings now mooted by the amendment,

e.g., Global Energy & Mgmt., LLC v. Xethanol Corp., No. 07 Civ. 11049, 2009 U.S. Dist. LEXIS 14400, at *12-13 (S.D.N.Y. Feb. 24, 2009), or the amendment was due to newly discovered evidence, Hayden v. Feldman, 159 F.R.D. 452 (S.D.N.Y. 1995) (id.), or multiple attempts at amendment were made (see Docket No. 104, Pl. Reply Memo. at 9-10, distinguishing cases cited by Optimum Energy, Docket No. 101, at 16-17).  Conditions also have been imposed where the amendment articulates new theories, 6 Wright, Miller & Kane, supra, § 1486, at 606. For example, the district court has declined to order conditions where an amendment was sought promptly upon the changed circumstance (there a consummated merger), and the fact that discovery and other pretrial procedures had not yet been initiated, Maynard, Merel & Co. v. Carcioppolo, 51 F.R.D. 273, 280 (S.D.N.Y. 1970); see 6 Wright, Miller & Kane, supra, § 1486, at 606.

Here, while there has been extensive pretrial proceedings the change of the focus of this case from a contract dispute to a patent case came first with Optimum Energy's counterclaim. Optimum Energy's alternative relief of imposing a condition of its attorneys' fees and costs for granting leave (Docket No. 101, Optimum Energy Memo. at 16-17) is **denied**.

III.     Scheduling

In light of the disposition of this motion just stated, an amended schedule remains in order (see Docket No. 79) one with a Markman briefing and hearing schedule included.  The deadlines in the Scheduling Order (Docket No. 43) has passed.  The deadline for plaintiff to file its amended pleading and defendants' responses thereto need to be established.  Therefore, a Status and potential Scheduling Conference shall be held on **Tuesday, June 26, 2012, at 10:30 am,** before the undersigned at which time an amended schedule will be discussed.

**CONCLUSION**

Based upon the above, plaintiff's motion for leave to amend its Answer to the Counterclaim (Docket No. 97) is **granted, without subjecting plaintiff to any condition**. Plaintiff is to file and serve its Second Amended Answer, similar to the exhibit attached to its motion (Docket No. 97, Ex. A), by **May 21, 2012**; defendants may reply to this Answer, see Fed. R. Civ. P. 7(a)(7), 12(a)(4), by **June 5, 2012**. In light of this and the resolution of plaintiff's motion, a **Scheduling/Status Conference** shall be held on **Tuesday, June 26, 2012, at 10:30 am,** before the undersigned.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
May 15, 2012