UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMSTRONG PUMP, INC.,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**

        v.
                                                    10CV446S

                                                    **Order**

THOMAS HARTMAN d/b/a THE
HARTMAN COMPANY and
OPTIMUM ENERGY LLC,

                              Defendants.

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 74, Order of Aug. 25, 2011; see also Docket No. 13, initial Referral Order of

July 19, 2010).  The instant matter before the Court is reconsideration (Docket No. 153[1]) of

defendant Optimum Energy's motion (Docket No. 149) for leave to file an Amended Answer to

the First Amended Complaint with Counterclaims.  Optimum Energy seeks to amend its earlier

Answer (Docket No. 57; see Docket No. 149, Optimum Energy Atty. Decl. ¶ 3) seeking to add a

Twenty-Fourth Affirmative Defense and a Sixth Counterclaim based upon the False Marking

_____

[1]In support of this motion, in addition to the original motion for leave to amend papers,
Docket No. 149, Optimum Energy submits the declarations of its attorneys, Joel Ard and
Lawrence Vilardo, with exhibit to Ard's declaration, and Memorandum of Law, Docket No. 153;
and its Reply Memorandum and the Declaration of its attorney, Randall White, Docket No. 162;
and its Supplemental Reply Memorandum, Docket No. 164.  In opposition, plaintiff submits its
attorneys' Declarations and Memorandum of Law, Docket Nos. 160, 161; and its "Final"
Memorandum in Opposition, Docket No. 165. Defendant Hartman submits his attorney's
Declaration, Docket No. 159, stating that he has no objection to Optimum Energy's amendment.

Statute, 35 U.S.C. § 292 (id., Ex. B, redline/strikeout version proposed Second Amended Ans.).

Responses to this reconsideration motion were due by November 15, 2013, any reply by

November 18, 2013, and this motion was argued on November 19, 2013 (Docket Nos. 154, 163

(minutes)).  Parties could submit further replies by November 26, 2013 (Docket No. 163), and

the motion was deemed submitted as of November 26, 2013.

Optimum Energy argued that this defense and claim arises from a "recent" decision

(Docket No. 149, Optimum Energy Memo. at 2, 5, 8) of the United States Court of Appeals for

the Federal Circuit, Frolow v. Wilson Sporting Goods Co., 710 F.3d 1303 (Fed. Cir. Mar. 15,

2013).  Optimum Energy claimed that this amendment will not prejudice plaintiff and there was

neither bad faith nor undue delay in raising this amendment (id. at 6-7.  It argued that Frolow

post-dates the earlier amendment deadline in the Scheduling Order and this Court had suspended

the current Scheduling Order during the pendency of the Markman[2] proceeding "and this

amendment is presented just as a new scheduling order has been entered," (id. at 8).  Plaintiff's

counsel had not consented to this amendment and codefendant Thomas Hartman had not

responded to this proposal (Docket No. 149, Optimum Energy Atty. Decl. ¶ 6; see Docket

No. 153, Optimum Energy Memo. at 4).  Rather than have full briefing for this motion, this

Court denied Optimum Energy's initial motion (Docket No. 150).

Optimum Energy then filed the pending motion to reconsider, arguing that counsel

intended to raise the issue of amending pleadings at the October 29, 2013, status conference but

---

[2]Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S.
370 (1996).

could (or did) not (Docket No. 153, Ard Decl.; see also id., Vilardo Decl. ¶¶ 4-5; Docket No. 155 (transcript)).

## BACKGROUND

Although parties are familiar with the proceedings in this case, to discuss Optimum Energy's diligence and other factors, a listing of the chronology is in order to show when Optimum Energy's false marking claim arose relative to the proceedings held in this case; this table of events is attached to this Order.  This case started as a contract action filed on May 28, 2010 (see Docket No. 1, Compl.; see also Docket Nos. 10, 11, Answers), but with various amendments to pleadings by all parties (see Docket Nos. 55, 56, 57, 58, 59, 60, 61, 68, 111, 112, 113 (amended pleadings); Nos. 15, 17, 48, 61, 70, 71, 78, 97 (motions for leave to amend or to dismiss amended pleadings); Nos. 34, 39, 54, 65, 96, 109 (Orders as to these motions); No. 84 (Report & Recommendation)), this case has become a somewhat involved patent infringement/validity action with contract and other claims attached.  Some detailed discussion of plaintiff's amendment proceedings also is discussed below.

Meanwhile, in September 2011, Congress amended 35 U.S.C. § 292 to add a civil damages cause of action for false marking of patents, id. § 292(b).  The new provision states that "a person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury," id.  This amendment applies "to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act," or September 16, 2011, Pub. L. No. 112-29, § 16(b)(4), 125 Stat. 329.

*Motion for Reconsideration*

Optimum Energy now argues that it raised its intention to amend its pleading to assert a false marking claim in the <u>Markman</u> hearing (Docket No. 153, Optimum Energy Memo. at 4, quoting Docket No. 137, Tr. of May 30, 2013, proceeding at 65-66).  On October 8, 2013, Optimum Energy's counsel circulated an e-mail stating that it intended to so move and inquired about the parties' consent (Docket No. 153, Ard Decl. ¶ 3, Ex. A).  During the October 29, 2013, status conference, Joel Ard, Optimum Energy's counsel, appeared by telephone (<u>id.</u> ¶ 4; <u>see also</u> Docket No. 146, Order of Oct. 9, 2013).  Ard says that he intended to mention this motion for leave to amend during the conference but, when he attempted to interject this, apparently was disconnected from the conference and the conference then concluded (Docket No. 153, Ard Decl. ¶¶ 4-5; <u>see also</u> <u>id.</u>, Vilardo Decl. ¶¶ 4-5).

Optimum Energy reasserts that no one would be prejudiced by this amendment (<u>id.</u>, Optimum Energy Memo. at 3), that the amendment would not require changes to discovery and other deadlines or require additional discovery (<u>id.</u> at 2-3).  Optimum Energy contends that it was diligent in raising this issue, first mentioning it during the May 30, 2013, <u>Markman</u> hearing, and intending (but eventually not) discussing it at the next proceeding to do so (the October 29, 2013, conference, <u>id.</u> at 4, 5), concluding that it "acted logically, properly, and promptly in seeking amendment, respecting the delay in the schedule and the possibility that any proposed amendment could have been rendered moot by the <u>Markman</u> decision" (<u>id.</u> at 5).

In opposing reconsideration, plaintiff discusses the nature of the October 29, 2013, conference (Docket No. 160, Perlman Decl. ¶¶ 2-3, ex.; <u>id.</u>, Kulik Decl. ¶¶ 3-4; Docket No. 161, Pl. Memo. at 3-4, 5).  Plaintiff notes that during the parties' conference prior to the October 29

4

status conference, no mention was made that leave to amend pleadings would be sought or provision of a deadline for such an action (Docket No. 160, Perlman Decl. ¶ 4).  Plaintiff does not comment on Optimum Energy's counsel's October 8 e-mail.  As plaintiff notes, Optimum Energy did not write to this Court after the status conference to indicate that this issue was forgotten (id., Perlman Decl. ¶ 5).

Plaintiff argues that a three-month delay is seeking leave to amend failed to demonstrate diligence and good cause (Docket No. 161, Pl. Memo. at 4 & nn. 12, 13), Gullo v. City of N.Y., No. 12-4523-cv, 2013 U.S. App. LEXIS 19983, at *3 (2d Cir. Oct. 1, 2013); Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland, No. 09-CV-4622, 2010 U.S. Dist. LEXIS 125394, at *11-14 (S.D.N.Y. Nov. 24, 2010).  Plaintiff also contends that neither Rule 15 nor Rule 60(b) provide bases for granting Optimum Energy relief (Docket No. 161, Pl. Memo. at 2-3, 5-7).  Plaintiff reminds that attorney inadvertence does not constitute good cause, Carnite v. Granada Hosp. Group, 175 F.R.D. 439, 448 (W.D.N.Y. 1997) (Foschio, Mag. J.) (Report & Recommendation), adopted, 175 F.R.D. at 441 (Arcara, J.) (id. at 6 & n.18).  Plaintiff rejects reliance on Rule 60(b)(6) and its catch-all provision when a more specific provision is relied upon, as here by Optimum Energy relying on Rule 60(b)(1) (id. at 6 & n.20); United States v. International Bhd. Teamsters, 247 F.3d 370, 392-93 (2d Cir. 2001).

As noted above, Hartman expressed no objection to Optimum Energy's amendment (Docket No. 159).

In its reply, Optimum Energy argues that the relevant period to consider for its diligence in moving for leave to amend was after the Markman claim was decided (Docket No. 162, Ard Decl. ¶¶ 3-5; Docket No. 162, Optimum Energy Reply Memo. at 1-4), or from October 8, 2013.

Optimum Energy contends that Plaintiff was allowed leave to amend its pleadings twice after the March 2011 deadline (Docket No. 162, Ard Decl. ¶¶ 13-15).  Optimum Energy then notes the brevity of the October 29, 2013, status conference (id. ¶¶ 21-23).   It argues that it would have been futile to raise the issue of extending the Scheduling Order to allow for amended pleadings because plaintiff would not consent to leave being granted (id. ¶¶ 24-29; No. 162, Optimum Energy Reply Memo. at 4-5).

During oral argument, Optimum Energy reiterated that it was diligent in moving for leave to amend, seeking to do so once the patent allegations were clearly defined and upon notice to this Court and parties (during the Markman hearing of May 30 and correspondence once the claim construction was final on October 8).  Rather than have seriatim motions for leave to amend as the Markman process was completed, Optimum Energy chose to wait, thus the relevant period of diligence should begin when claim construction was finalized.  Since there was uncertainty that plaintiff's arguments were addressed in the reply, parties were given a chance to supplement those replies (by November 26, 2013) (Docket No. 163).

In its further reply, Optimum Energy points out that this Court allowed plaintiff to amend outside of the Scheduling Order, stating that such an amendment was timely given the disposition of a motion to dismiss reset the procedural landscape (see Docket No. 164, Optimum Energy Supp'al Memo. at 1, 4).  Thus, Optimum Energy waited until the Markman decision was rendered and then promptly moved to amend, sending the proposed amendment to plaintiff three weeks before filing the motion (id. at 2, 3).  Optimum Energy argues that diligence under Rule 16 is not the only factor, that this Court may consider other relevant factors (such as prejudice to the opponent) in deciding whether or not to extend the Scheduling Order an allow otherwise

untimely amendment (<u>see</u> <u>id.</u> at 6, discussing <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d

229, 244 (2d Cir. 2007)), arguing again that there would be no prejudice to plaintiff in this

proposed amendment (<u>id.</u> at 2, 9-10).  Optimum Energy distinguishes the cases cited by plaintiff

that rely solely upon the movant's diligence as either predating <u>Kassner</u> or applying a prejudice

analysis in denying leave to amend or extend the time to do so (<u>id.</u> at 7-9), discussing the

decisions by the Magistrate Judge,[3] District Judge,[4] and the Second Circuit[5] in <u>Gullo v. City of</u>

<u>New York</u>, to explain the Second Circuit's Summary Order in that case (<u>id.</u> at 7 n.3, Ex. A).

Optimum Energy also criticizes plaintiff's initial diligence in waiting over a year in amending its

pleadings to allege patent invalidity (<u>id.</u> at 5 n.2).

 Plaintiff meanwhile responds that its motions to amend were distinct from the proposal

by Optimum Energy, stating that the first amendment was unopposed and the second was made

one day after this Court's decision granting dismissal on pleading grounds (Docket No. 165, Pl.

"Final" Reply Memo. at 1).  Plaintiff questions when Optimum Energy learned of <u>Frolow</u> (<u>id.</u> at

1-2).  It dismisses Optimum Energy's argument that defendant was avoiding multiple motions for

leave to amend as "after-the-fact rationalization" not discussed in the prior motions (<u>id.</u> at 2).

Plaintiff also disputes Optimum Energy's attempt to distinguish the Southern District of New

York Rule 16 cases plaintiff cites (<u>see</u> Docket No. 161, Pl. Memo. at 4 nn. 12-15) as predating

---

  [3]<u>Gullo v. City of N.Y.</u>, No. 10 Civ. 8516, Docket No. 16, Order (S.D.N.Y. May 21, 2012)
(Freeman, Mag. J.); Docket No. 164, Ex. A.

  [4]<u>Gullo v. City of N.Y.</u>, No. 10 Civ. 8516, 2012 WL 4834182 (S.D.N.Y. Oct. 11, 2012).

  [5]<u>Gullo v. City of N.Y.</u>, No. 12-4523-cv, 2013 U.S. App. LEXIS 19983 (2d Cir. Oct. 1,
2013) (Summary Order).

2007 (when the Second Circuit decided <u>Kassner</u>) since two of the cases were decided after 2007[6]

(Docket No. 165, Pl. "Final" Reply Memo. at 2-3).  Plaintiff concludes that the single issue is

whether Optimum Energy moved with diligence from the Federal Circuit rendering the <u>Frolow</u>

decision in seeking to amend the pleading, answering this in the negative since Optimum Energy

had delayed five to seven months (depending upon the relevant starting point) in making this

motion (<u>id.</u> at 3-4).

DISCUSSION

I.      Applicable Standards

        A.      Reconsideration, Rule 60(b)

        Optimum Energy cites two provisions of Federal Rule of Civil Procedure 60(b) to support

reconsideration.  First, this Court may (on motion and "just terms") relieve a party from an Order

or proceeding for "mistake, inadvertence, surprise, or excusable neglect," or for "any other

reason the justifies relief," Fed. R. Civ. P. 60(b)(1), (6).  As this Court noted "the decision

whether to grant or deny a motion to reconsider lies in this Court's discretion . . . . Motions for

reconsideration are not to be used as a means to reargue matters already disposed of by prior

rulings or to put forward additional arguments that could have been raised before the decision,"

or "to give the unhappy litigant one additional chance to sway the judge," <u>1199 SEIU Pension</u>

<u>Fund v. Eastern Niagara Hosp.</u>, No. 13CV323, 2013 U.S. Dist. LEXIS 144047, at *2-3

(W.D.N.Y. Oct. 4, 2013) (McCarthy, Mag. J.) (quoting <u>United States v. Kasper</u>, No. 10CR318,

2012 U.S. Dist. LEXIS 90949, at *2-3 (W.D.N.Y. June 29, 2012) (Skretny, Ch. J.) (citations

---

[6]<u>Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland</u>, No. 09-CV-4622,
2010 U.S. Dist. LEXIS 125394 (S.D.N.Y. Nov. 24, 2010); <u>Rambarran v. Mt. Sinai Hosp.</u>
No. 06 Civ. 5109, 2008 U.S. Dist. LEXIS 30580 (S.D.N.Y. Mar. 28, 2008) (Freeman, Mag. J.).

omitted); see McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983); Salamon v. Our Lady of

Victory Hosp., 867 F. Supp. 2d 344, 360 (W.D.N.Y. 2012) (Skretny, Ch. J.) (denying

reconsideration).

A motion for relief under Rule 60(b) is "generally granted only upon the showing of

exceptional circumstances," Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd,

501 U.S. 115 (1991); Salamon, supra, 867 F. Supp. 2d at 360; Tafari v. Stein, No. 01CV821,

2009 U.S. Dist. LEXIS 39453, at *5 (W.D.N.Y. May 8, 2009) (Scott, Mag. J.) (see also Docket

No. 161, Pl. Memo. at 1 n.2).  As noted by the United States Court of Appeals for the Second

Circuit, "the standard for granting [a motion for reconsideration] is strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked–matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court," Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 155).

B.      Amendment and Amended Scheduling Order, Rules 16, 15

Although Optimum Energy argues that leave to amend here is governed by Rule 15 and

its liberal allowance for such amendments (Docket No. 153, Notice of Motion), and this Court

discussed the Rule 15 standard in the Order under consideration (Docket No. 150, Order of

Nov. 1, 2013, at 2), key here is the pretrial Scheduling Order and the deadline it set for

amendment of pleadings, governed by Rule 16.  Parties seeking leave to amend a pleading after

the time scheduled for such motions is making an implied second motion, that of leave to amend

out of time from the Scheduling Order (or for amendment of the Scheduling Order to allow such

an amended pleading).

Under the last version of the Scheduling Order which had a deadline for amending pleadings, such amendments were due by March 18, 2011 (Docket No. 43).  That March 18, 2011, deadline passed without being stayed or altered.  Subsequent Scheduling Orders (Docket Nos. 122 (first Amended Scheduling Order with Markman schedule and subsequent events), 148 (Second Amended Scheduling Order)) which were stayed while other proceedings were completed, do not have a deadline for amending pleadings, with the current Second Amended Scheduling Order (Docket Nos. 148, 151) having the first event the deadline for completion of discovery.

As noted by other courts, the purpose of Rule 16 is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed," Parker v. Columbia Pictures Indus., 240 F.3d 326, 339-40 (2d Cir. 2000) (citations and quotations omitted); Gullo v. City of N.Y., No. 10 Civ. 8516, Docket No. 16, Order at 14 (S.D.N.Y. May 21, 2012) (Freeman, Mag. J.) (see also Docket No. 164, Ex. A), aff'd, 2012 WL 4834182 (S.D.N.Y. Oct. 11, 2012), aff'd, No. 12-4523, 2013 U.S. App. LEXIS 19983 (2d Cir. Oct. 1, 2013) (summary Order).

Under Rule 16, modification of a Scheduling Order is done only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990); see also Fed. R. Civ. P. 16(b)(3)(A) (scheduling order "must limit the time to join other parties, amend the pleadings . . ."). "In the absence of some showing of why an extension is warranted, the scheduling order shall control."  6A Wright, Miller & Kane, supra, at 231.  This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d

375, 380 (5th Cir. 1996); see also Kassner, supra, 496 F.3d at 245 (acknowledging the district

court's "exercise of its broad discretion concerning pleadings" in whether the district court

allows a proposed amendment), including the discretion to extend its deadlines when good cause

is shown.  In particular, for extensions to Scheduling Orders to allow for leave to amend

pleadings, the movant needs to make a showing of good cause to justify an untimely amendment,

see Carnite, supra, 175 F.R.D. at 446.  As discussed by the Second Circuit in Kassner, supra,

496 F.3d at 244, in instructing how that case was to be considered on remand, "the primary

consideration is whether the moving party can demonstrate diligence.  It is not, however, the only

consideration.  The district court, in the exercise of its discretion under Rule 16(b), also **may**

consider other relevant factors including, in particular, whether allowing the amendment of the

pleading at this stage of the litigation will prejudice defendants" (emphasis added).  In the

Summary Order entered in Gullo, the Second Circuit noted its Kassner precedent, Gullo,

2013 U.S. App. LEXIS 19983, at *4-5, but held that just because the defendant there was not

prejudiced by plaintiffs' proposed amendment does not excuse the lack of diligence.  Thus,

diligence is primary and other factors have to constitute good cause under Rule 16 to justify

amending the schedule, id. at *5.

    In this Circuit, the Rule 16(b) "good cause standard" applies, rather than the liberal

amendment standard of Rule 15(a), when leave to amend is sought after the time for such

motions has expired, Parker, supra, 240 F.3d at 340; Tailored Lighting v. Osram Sylvania Prods.,

Inc., 255 F.R.D. 340, 346-47 (W.D.N.Y. 2009) (Payson, Mag. J.)).

II.     Application

    A.     Reconsideration

Optimum Energy does raise additional data that was not presented with its initial motion. Optimum Energy points to the <u>Markman</u> hearing wherein it noted its intention to amend its pleading to now allege a false marking claim.  Although <u>Frolow</u> was not cited expressly at that hearing, the Court and the parties presumably were on notice of Optimum Energy's intention. Counsel's inability or failure to raise this issue[7] at the status conference (and no attempts to raise it short of the subsequent motion), however, would not justify reconsideration.  Insomuch as this Court is taking a second look at its motion for leave to amend, Optimum Energy's reconsideration motion is **granted**.

    B.     Timing of Motion for Leave to Amend

The primary consideration for finding good cause to extend or amend the Scheduling Order to allow leave for amended pleadings is the moving party's diligence, hence the extensive discussion of when events occurred and when parties acted.

During the proceedings leading to the <u>Markman</u> hearing (Docket Nos. 122-37, 138-39, 141-44, 145), the then-current amended Scheduling Order (<u>see</u> Docket No. 122, Amended Scheduling Order) was stayed (Docket No. 134; <u>see also</u> Docket No. 149, Optimum Energy Memo. at 7), but this Amended Scheduling Order did not have a deadline for amending pleadings.  The <u>Markman</u> hearing was held on May 30, 2013 (Docket Nos. 133, 137 (transcript)). As noted by Optimum Energy (Docket No. 153, Optimum Energy Memo. at 4; Docket No. 137,

---

       [7]In addition to Ard not mentioning it before the conference concluded, but local counsel for Optimum Energy did not mention this amendment or sought to continue the conference to discuss this issue.

Tr. of May 30, 2013, <u>Markman</u> hearing, at 65-66), counsel did note that Optimum Energy would "have to amend [its pleadings] to add a false marking claim," without expressly mentioning the <u>Frolow</u> decision.   Consideration of amending the schedule was delayed until after the <u>Markman</u> proceedings were concluded.   Following resolution of the claims issues, this Court set a status and scheduling conference for October 29, 2013 (Docket No. 146).   The parties jointly submitted a proposed Amended Scheduling Order (a copy of which is attached to this Order).   This joint submission did not set forth a deadline to amend pleadings and did not raise the fact that any party might seek time to amend pleadings further.   As indicated in the chronology attached to this Order, on October 8, 2013, Optimum Energy's counsel e-mailed all parties stating Optimum Energy's intentions regarding seeking further amendment (Docket No. 153, Ard Decl. ¶ 3, Ex. A).   At that conference (Docket No. 147) there was no mention of any party intending to seek leave to amend pleadings (by either of Optimum Energy's counsel, the local counsel or Mr. Ard calling into the proceeding or by plaintiff's counsel, to note the possibility and to seek its elimination).   Optimum Energy's out of town counsel (who appeared at this conference by telephone) now argues that he intended to mention it but was unable before the conference concluded (Docket No. 153, Ard Decl. ¶¶ 4-5).   The Second Amended Scheduling Order (Docket No. 148) entered pursuant to the dates proposed <u>by the parties</u> (<u>see</u> Docket No. 147) did not have an extended deadline for motions to amend pleadings.   As noted by plaintiff during oral argument, Optimum Energy did not write to the Court raising this scheduling issue; rather, it filed the motion for leave.   On October 30, 2013 (and consistent with counsel's intention, <u>see</u> Docket No. 153, Ard Decl. ¶ 4), Optimum Energy moved for leave to amend its Answer (Docket No. 149).

The case underlying Optimum Energy's "new" theory, <u>Frolow</u>, was decided by the
Federal Circuit on March 15, 2013 (<u>see</u> Docket No. 149, Optimum Energy Memo. at 8), in turn
referring to a statute amended in **September 2011** establishing the cause of action, <u>see</u> <u>Frolow</u>,
<u>supra</u>, 710 F.3d at 1309.  When the proposed amended schedule was contemplated by the parties
on or about October 25, 2013 (a copy attached to this Order), <u>Frolow</u> and False Marking Statute
issues and the need to amend pleadings to address them could have been discussed.  There was
no evidence to this Court that these issues were discussed then, despite Optimum Energy's
October 8, 2013, e-mail indicating its intention to seek leave to amend.  At the status conference
on October 29, 2013, Optimum Energy could have mentioned, in the course of discussing the
amount of time needed to conduct discovery, that it might need to add a new counterclaim and a
new defense and mention that seeking leave for that purpose might be in the offing, but, as noted
above, counsel thought the conference was concluded before he had the change to raise the issue.
No such discussion was had from Optimum Energy (from local counsel, for example) or the
other parties.

<u>Frolow</u>, in turn, does not create the new claim; rather, it rejects marking estoppel accepted
by some Circuits, <u>see</u> <u>Frolow</u>, <u>supra</u>, 710 F.3d at 1309, that Optimum Energy wished to advance
in this case, and referred to the Leahy-Smith America Invents Act, Pub. L. No. 112-29,
§ 16(b)(2), 125 Stat. 284, 329 (2011), amending 35 U.S.C. § 292, previously a criminal statute
for false marking.  That act creates section 292(b), a civil cause of action for damages for false
marking, 35 U.S.C. § 292(b).  The Federal Circuit held in <u>Frolow</u> that this standard created an
evidentiary issue, so as to preclude summary judgment, where a defendant marks an item with
plaintiff's patent number but then claims patent invalidity.  This extrajudicial admission by

14

defendant can be rebutted or controverted but the Federal Circuit held that the district court erred in holding that such marking is irrelevant.  <u>Frolow</u>, <u>supra</u>, 710 F.3d at 1309-10.  This statute was effective for all cases "without exception, that are pending on, or commenced on or after, the date of enactment," Pub. L. No. 112-29, § 16(b)(4), 125 Stat. at 329, as in this case if amendment were allowed, since this case was pending on the September 16, 2011, date of enactment.

As for diligence, Optimum Energy waited until the <u>Markman</u> claim construction process was completed and the amended Scheduling Order entered to then seek to amend its pleadings and, by extension, amend the just enacted amended Scheduling Order.

The false marking claim was available as early as September 2011 when Congress enacted the amendment to 35 U.S.C. § 292.  Although Optimum Energy raised the possibility of moving for leave to amend during the <u>Markman</u> hearing last May, it took steps to make that motion only after the <u>Markman</u> claims construction was final, now arguing that it did not want to engage in seriatim motion practice and waiting to see what other claims it might have raised made sense or even survived after claim construction.

Optimum Energy need not have waited until the <u>Markman</u> issues were resolved.  This new claim could be raised in parallel to the <u>Markman</u> claims and did not be depended upon the claims construction found therein.  Optimum Energy waited two years from when Congress amended § 292(b), over six months from <u>Frolow</u> being decided, and almost five months from announcing its intention to so move during the <u>Markman</u> proceeding to raise it as a potential defense and counterclaim.

Optimum Energy's initial motion was denied merely on the procedural history and the sequence of events, because it could have raised this claim sooner and failed to do so.  Upon

reconsideration, this Court finds that the claim was available as early as **September 2011**, when Congress amended 35 U.S.C. § 292.

Optimum Energy also explains that it did not raise the possibility of amending its pleadings because of the pending Markman proceeding and that decision on this point would have rendered the amendment moot (Docket No. 153, Optimum Energy Memo. at 5).  As previously stated (Docket No. 136, Report & Rec. of July 15, 2013, at 6), claim construction under Markman determines "the meaning and scope of the patent claims asserted to be infringed," Markman, supra, 52 F.3d at 976.  This alone would not lead to summary judgment regarding an infringement or invalidity cause of action; it is a step (but not the ultimate step) for disposition of these causes of action and defenses.  Furthermore, Optimum Energy's false marking cause of action can be asserted in the alternative to other patent claims.  Optimum Energy's counsel acknowledge this in arguing during the Markman hearing that, in adding a false marking claim, "[s]o to the extent Armstrong can prove that its products don't practice the patents, we have a recovery in false marking statute" (Docket No. 137, Tr. of May 30, 2013, at 66).

Optimum Energy proposes to allege in this claim that is suffered a competitive injury as a result of plaintiff's violation of 35 U.S.C. § 292(b), by plaintiff marketing IPC 11550 and Armstrong OPTI-VISOR with patent numbers of the Licensed Patents disputed in this action (see Docket No. 149, Optimum Energy Decl., Exs. A, B, Amended Ans. ¶¶ 134-38).  Optimum Energy claims that plaintiff knew (or should have known) that the patent numbers marked on plaintiff's products "do not cover the products to which the markings are affixed" (id. ¶ 139).  This cause of action is not dependent upon whether the patents are valid but may be fact issues as

to this cause of action.  At this amended pleading stage, these factual issues should not preclude amendment.

Crucial to the Rule 16 analysis, however, is the timing of Optimum Energy in raising this cause of action.  Optimum Energy could have amended its Answer in September 2011 to argue, alternatively, that plaintiff falsely marked its products.  Optimum Energy could have amended the pleading after May 30, 2013, and not await resolution of the <u>Markman</u> proceeding (in effect, file its amendments seriatim, with those new claims dependent on the <u>Markman</u> resolution being made at a different time).  The fact that other deadlines were held in abeyance (Docket Nos. 129, 134) does not mean that the parties were stayed from acting, especially in areas not affected by the resolution of claims construction. An amendment filed, for example, on June 3, 2013, would not have been rendered moot by the <u>Markman</u> claim construction.

C.     Were Plaintiff's Earlier Amendments Untimely

Optimum Energy also argues that plaintiff's two amendments were untimely under the Scheduling Order, nevertheless these amendments were allowed.  Hence, Optimum Energy concludes that plaintiff has no basis to complain about the timing of Optimum Energy's present motion.  (Docket No. 162, Optimum Energy Reply Memo. at 5, 7.)  First, a review of the chronology for these amendments is in order.  Again, the deadline for amended pleadings was March 18, 2011 (Docket No. 43).  Plaintiff moved to amend the Complaint on February 14, 2011 (Docket No. 48), which was granted (Docket No. 54), and plaintiff filed and served the amended pleading on March 8, 2011 (Docket No. 55).  On March 22, 2011, Optimum Energy (as well as Hartman, Docket No. 56) answered the Amended Complaint, but Optimum Energy introduced counterclaims including patent infringement allegations (Docket No. 57, Optimum Energy Ans.

to First Am. Compl. ¶¶ 114-24, 126-28).  Under Federal Rule of Civil Procedure 12(a)(1)(B) "a

party must serve an answer to a counterclaim or crossclaim within 21 days after being served

with the pleading that states the counterclaim or crossclaim."  Thus, on April 2, 2011, plaintiff

answered these counterclaims (Docket No. 58).

On July 8, 2011, plaintiff moved to amend this Answer to Counterclaims (Docket

No. 61); Optimum Energy now argues that this amendment is untimely under the Scheduling

Order (Docket No. 162, Optimum Energy Reply Memo. at 7).  But defendants **did not oppose**

plaintiff's motion (Docket Nos. 64 (Optimum Energy), 63 (Hartman); see Docket No. 165, Pl.

"Final" Reply Memo. at 1) on procedural grounds, such as failure to seek to extend the

amendment deadline of the Scheduling Order under Rule 16.  Rather, Optimum Energy did not

waive its ability to challenge the merits of the amended allegations (Docket No. 64, Optimum

Energy Atty Decl. ¶¶ 3, 4, 5) and Optimum Energy later moved to dismiss that Amended Answer

on sufficiency of pleadings grounds (Docket No. 70).  After that motion was considered (Docket

No. 84, Report & Rec. of Dec. 29, 2011) and decided in Optimum Energy's favor (Docket

No. 96, Order of Mar. 26, 2012, at 4-5), plaintiff the next day moved to amend this Answer

(Docket No. 97, Motion of Mar. 27, 2012), presumably to address the pleading deficiencies noted

in Optimum Energy's dismissal motion, the Report & Recommendation, and the Order.

Optimum Energy points to this second amendment as one outside the time for amending

pleadings under the Scheduling Order (see Docket No. 162, Optimum Energy Reply Memo. at

7).  Optimum Energy only opposed this second amendment **on Rule 15 grounds** (Docket

No. 102) with no mention of the timing of the motion for leave to amend relative to the

Scheduling Order in the case or Rule 16.  On May 2, 2012, while this motion was pending, this

18

Court did not reset the Scheduling Order, deferring until resolution of this motion (Docket No. 106). On May 15, 2012, this Court granted plaintiff leave to amend (Docket No. 109) and, on May 18, 2012, plaintiff served its amended pleading (Docket No. 111), which defendants responded to (Docket Nos. 112, Optimum Energy Ans.; 113, Hartman Ans.). On August 6, 2012, this Court entered an Amended Scheduling which presumed amendment of pleadings was completed and set forth deadlines for <u>Markman</u> claim construction and subsequent discovery and proceedings (Docket No. 122).

In contrast, Optimum Energy hints at asserting a new claim in May 2013 that was available as early as September 16, 2011, waiting to move for leave until the <u>Markman</u> claim construction process concluded in October. Plaintiff objects to the absence of diligence in making this motion under the Scheduling Order.

D.    Futility and Extension of Time to Move to Amend

Optimum Energy next contends that, even if counsel mentioned its intentions at the October 29, 2013, conference, it would have been futile and lead to the present motion practice because plaintiff opposed the amendment (Docket No. 162, Optimum Energy Atty. Decl. ¶ 28). While plaintiff's consent for leave to amend is unlikely (the timing of that denial is not clear in this record[8]), this Court would have to first consider whether such an amendment was timely under its Scheduling Order. Optimum Energy (although it did not seek as such, <u>cf. id.</u> ¶ 26)

---

[8]Although Optimum Energy's counsel state that an email was sent to other counsel on October 8, 2013, announcing the amendment intention, Docket No. 153, Ard Decl. ¶ 3, Ex. A, and Optimum Energy expressed the view of plaintiff's opposition to leave to amend, <u>see</u> Docket No. 149, Ard Decl. of Oct. 29, 2013, ¶ 6, it does not state **when** plaintiff opposed. In the reply, Optimum Energy states that it sent its proposed amendment to plaintiff and plaintiff refused to consent, Docket No. 164, Pl. Supp'al Reply Memo. at 3. Tellingly, plaintiff did not address in its response the October 8, 2013, email.

seeks, in effect, to reopen the period to amend pleadings.  There were two opportunities after October 8 for Optimum Energy to raise this amendment issue, at the parties' conference prior to proposing the joint amended schedule (and note a dispute about a potential portion of the proposed Amended Scheduling Order) and the October 29 conference.  This Court would then have considered that part of the proposed schedule squarely, raising this preliminary issue of whether time would be given to reopen amendments.  That is not dependent upon the consent of the parties (a Rule 15 issue) but, if contentious, might have been briefed and resolved.  If time were granted, **any** party wishing to amend, and not just Optimum Energy, then could move for leave and the merits of those amendments would be considered.

Thus, leave to amend amendment (Rule 15's concern) and the time to do so under this Court's Orders (Rule 16) are distinct.  Plaintiff's consent to amend the Scheduling Order is not part of the Rule 16 calculus.

E.      In Sum

Upon reconsideration, this Court will **not** exercise its discretion to amend its Scheduling Order or excuse disregard of its deadlines for amended pleadings for a matter the movant was aware of months before raising it.  The False Marking claim was available from September 2011 as (at least) an alternative argument to Optimum Energy's estoppel arguments for false marking. Even if accepting October 8, 2013, as the proper starting point, there were opportunities for Optimum Energy to put its amendment, and the time necessary to make it under the Scheduling Order, before this Court but failed to do so.

There needs to be finality in pleadings and this case, approaching three years old, needs to move to disposition on its merits of the claims and defenses asserted.  Amending pleadings at this late date invites further delay and further motion practice (as seen here).

Although diligence is the primary consideration, the absence of prejudice to the other parties if leave to amend were granted alone does not create good cause to reopen the period for this amendment.  The Second Circuit recognized that this Court "may" consider other factors aside from the primary issue of diligence, Kassner, supra, 496 F.3d at 244; see Gullo, supra, 2013 U.S. App. LEXIS 19983, at *4-5; these factors here do not constitute good cause to amend the Scheduling Order for Optimum Energy to raise at this late hour a claim that it argued as an estoppel argument in September 16, 2011, that was available as a separate claim as early as that same date (when Congress amended § 292 and established a civil claim for false marking).

CONCLUSION

Optimum Energy's motion to reconsider (Docket No. 153) denial of leave to amend its Answer (Docket No. 150; cf. Docket No. 149) for leave to amend its Answer is **granted (in part)** insofar as reconsideration was conducted and, upon this reconsideration, as for the merits of Optimum Energy's underlying motion for leave to amend its Answer (Docket No. 149; see Docket No. 153), it is **denied**.

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        December 2, 2013

21

Attachment:
- Letter of Paul Perlman, October 25, 2013, with Joint Proposed Amended Scheduling Order
- Table of Events