UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMSTRONG PUMP, INC.,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                                                                  10CV446S

                         v.                                       **Order**


THOMAS HARTMAN d/b/a THE
HARTMAN COMPANY and
OPTIMUM ENERGY LLC,

                              Defendants.

Before the Court are two motions.  First is plaintiff's motion to compel (Docket No. 176);

second, is defendant Optimum Energy LLC's ("Optimum Energy") motion to compel (Docket

Nos. 178, 180 (correcting signature page)).  Responses to these motions were due by May 16,

2014, reply by May 23, 2014 (Docket Nos. 177, 179, 181), and the motions were argued on

May 28, 2014 (Docket Nos. 179, 181, 182, 188 (minute entry)).  Scheduling Order discovery

deadlines (cf. Docket No. 148, 2d Amended Scheduling Order) were held in abeyance while

these motions were pending (Docket No. 179).  The parties entered into a stipulation as to the

confidentiality of certain third party materials (Docket Nos. 189, 190 (Order adopting

stipulation)).

Also considered is the parties' request to adjourn renewal of mediation under this Court's

Local Patent Rules (cf. Docket No. 174)

BACKGROUND

This is a contract action over licenses to patented processes for heating ventilation and air conditioning, later amended to add patent infringement and invalidity claims.  After a motion to dismiss (Docket Nos. 15, 17 (motions), 34, 39 (Orders denying motions)) and litigation over amendments to plead the intellectual property claims and defenses (see generally Docket Nos. 48-175; see also Docket No. 184, Optimum Energy Memo. at 2-6), familiarity with which is presumed, the parties commenced discovery.[1]

Plaintiff filed its motion to compel (Docket No. 176[2]) arguing that defendant Optimum Energy did not produce certain documents that Optimum Energy claimed were confidential. These documents revealed Optimum Energy's transactions with third parties, for example licensing arrangements with Johnson Controls (a competitor of plaintiff).  The parties stipulated to treat Johnson Controls and its relevant documents like confidential documents from the parties in this case (Docket Nos. 189, 190; see Docket No. 66).  Plaintiff alleged that Optimum Energy had dealings with third parties (Johnson Controls, Trane, and Delta Controls) regarding the LOOP technology (Docket No. 1, Compl. ¶ 42; see Docket No. 55, Am. Compl. ¶ 32) and plaintiff now seeks documents about business relationships to which Optimum Energy entered into with third parties (Docket No. 176, Pl. Memo. at 1).  Optimum Energy instead withheld these documents citing third party confidentiality concerns (id. at 2, citing In re Oxycontin Antitrust Litig., No. 04-md-1603, 2013 WL 1701009, at *2 (S.D.N.Y. Apr. 15, 2013) (no

---

[1]Optimum Energy moved in 2012 to compel plaintiff's complete responses to discovery demands, Docket No. 99, with that motion granted on June 15, 2014, Docket No. 114.

[2]In support of plaintiff's motion, plaintiff submits its Memorandum, attorney's Declaration with exhibits, Docket No. 176; its reply, Docket No. 185; its attorney's Declaration with exhibits, Docket No. 186.  In opposition (and as well as Optimum Energy's motion), Optimum Energy submits its Memorandum in Opposition and attorney's Declaration with exhibits, Docket No. 184.

privilege recognized merely because material may be subject to confidentiality agreement).
Plaintiff seeks, at a minimum, Optimum Energy's agreements with Johnson Controls concerning
LOOP technology; drafts and correspondence regarding these agreements; and communication in
general with third parties regarding the LOOP technology (id. at 2-3).  Plaintiff rejects Optimum
Energy's confidentiality claims and calls for production of documents within five days of entry
of an Order (id. at 7, 8) and seeks recovery of attorneys' fees for making this motion (id. at 8).

Optimum Energy raises additional objections to plaintiff's production beyond
confidentiality, arguing that plaintiff's requests are duplicative and that responsive documents
were produced already (Docket No. 184, Optimum Energy Memo. at 7-9, 1 (almost 200,000
pages of documents produced)), some served after the motion was filed (id. at 9).  Optimum
Energy argues that courts have recognized confidentiality concerns of third parties in connection
with discovery (id.).

Regarding confidentiality, Optimum Energy points out that it is governed by a
contractual confidentiality provision with Johnson Controls and required Johnson Controls'
consent prior to release discoverable material to plaintiff (id. at 1).

Optimum Energy opposes attorneys' fees to plaintiff opposes.  Alternatively, Optimum
Energy would waive its objection if Optimum Energy receives fees on its motion to compel (id.
at 13).

Plaintiff replies that Optimum Energy's response admits to withholding documents
(Docket No. 185, Pl. Reply at 1).  Plaintiff rejects Optimum Energy's "discovery estoppel"
argument (id. at 1-2; cf. Docket No. 184, Optimum Energy at 11).

Optimum Energy then moved to compel plaintiff for dates to depose four witnesses claimed to be under plaintiff's control (Docket No. 180[3]).  Optimum Energy also seeks production of plaintiff's privilege log.  Optimum Energy sought dates for deposition of Charles Armstrong, Peter Thomsen, Paul Novello and expert witness John Conover, IV (Docket No. 180, Optimum Energy Atty. Decl. ¶¶ 3-6, 9-20, Ex. A; see Docket No. 187, Optimum Energy Reply at 1).  Plaintiff counters that Optimum Energy did not meet and confer over these items and thus they should not be compelled (Docket No. 183, Pl. Response at 2-3).  Further, plaintiff declares these issues moot since plaintiff produced a privilege log and has engaged (and is willing to engage) in setting a deposition schedule for these witnesses (id. at 4).  Optimum Energy replies that it did meet and confer in good faith on these issues (Docket No. 187, Optimum Energy Reply at 5).  Optimum Energy contends that it waited until the last day for motions to compel before filing this motion (id. at 4).

During oral argument, the parties stated that they would discuss the issues raised in the motions to see if they could resolve them prior to judicial intervention (Docket No. 188).  The parties also noted that the intellectual property claims and defenses were no longer in the case and requested that further mediation deadlines (see Docket No. 174) be adjourned (Docket No. 188).

DISCUSSION

I.     Applicable Standards

As previously stated in this action (e.g., Docket No. 114, Order of June 11, 2012, at 8), Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but

---

[3]In support of its motion, Optimum Energy submits its attorney's Declaration with exhibits, Docket No. 180; its reply, Docket No. 187.  In opposition, plaintiff submits its Memorandum, Docket No. 183.

this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A.

Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65

(Civil 2d ed. 1994).  "Parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense–including the existence, description, nature, custody,

condition, and location of any documents or other tangible things and the identity and location of

persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1) (effective

Dec. 1, 2007).  Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an

order compelling discovery, with that motion including a certification that the movant in good

faith conferred or attempted to confer with the party not making the disclosure to secure that

disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

II.     Plaintiff's Motion—Production of Claimed Confidential Documents

        Given the stipulation to a protective Order for Johnson Controls documents (Docket

No. 190), plaintiff's motion to compel is **granted**.  Optimum Energy is to identify documents or

categories of documents already produced that are responsive to plaintiff's demands at issue in

plaintiff's motion.  This Court need not resolve the issue of third party's confidentiality and the

amount of disclosure plaintiff is entitled to of third party's documents given the extension of the

terms of the protective Order between the parties to documents from third party Johnson

Controls.  Optimum Energy, therefore, is to produce and/or identify what has been produced

responsive to the demands at issue in this motion within **seven (7) days** of entry of this Order.

III.     Optimum Energy's Motion

    A.      Privilege Logs

Plaintiff served its privilege log on May 7, 2014 (Docket No. 183, Pl. Atty. Decl., Ex. A).

While plaintiff argues that there was no good faith meeting and conferring before this motion

was filed, plaintiff delayed responding to Optimum Energy, promising production until the

discovery deadline came up.  Since plaintiff in effect produced in the face of Optimum Energy's

motion, the substantive relief sought is now **moot.**

    B.      Scheduling Deposition of Plaintiff's Four Witnesses

Plaintiff argues that Optimum Energy did not exercise good faith in an effort to resolve

this matter short of this motion while Optimum Energy points to the approaching motion to

compel deadline with this issue remaining unresolved, compelling this motion.  After oral

argument, the parties were afforded an opportunity to resolve this (and other) discovery issues,

but they did not announce that this issue was resolved.  This Court could order when each

witness would appear to be deposed regardless of the schedules of witnesses or counsel (upon

the ultimate penalty of evidence preclusion, for example, if an examination is not held, see Fed.

R. Civ. P. 37(b)(2)(A)(ii)), but such micromanagement (and the potential for extensive motion

practice to adjust Court-ordered schedules) should be avoided.  If necessary, however, this Court

will not hesitate to set a schedule for these examinations with little regard to the schedules,

availability, or convenience of those concerned.

To avoid this procrustean result, these depositions shall be **completed** by **Friday,**

**September 5, 2014**, or **seventy-five (75) days** from entry of this Order and well within the

extended discovery period (discussed below).  This depositions deadline affords the parties a

final opportunity to reach mutually acceptable schedule for examining these four witnesses before this Court sets a schedule.

IV.     Reasonable Motion Costs

As a result of the above, under Rule 37, the prevailing party is entitled to recover its reasonable motion expenses and the opponent has the right to respond as to why passing such costs to them is unreasonable or whether the amount claim is not reasonable.

Rule 37(a) allows a party to apply to this Court for an Order compelling discovery, with that motion including certification that the movant, in good faith, conferred or attempted to confer, with the party not making the disclosure to secure it without judicial intervention. Procedurally, under Rule 37(a)(2)(B) and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel.

> Under Rule 37(a)(5)(A), if the motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (effective Dec. 1, 2007).

A.      Plaintiff's Motion

Optimum Energy argues that it produced some documents responsive to plaintiff's demands and subject to this motion before and while this motion was pending.  This defendant did not produce Johnson Controls documents pending consent from Johnson Controls.  This third

party issue and the contractual rights between Optimum Energy and Johnson Controls regarding confidentiality is a substantial justification, cf. Fed. R. Civ. P. 37(a)(5)(A)(ii); see Orwasher v. A. Orwasher, Inc., No. 09 Civ. 1081, 2010 U.S. Dist. LEXIS 50036, at *10-11 (S.D.N.Y. May 20, 2010) (Francis, Mag. J.).  Thus, plaintiff's application for recovery of its attorneys' fees as a reasonable motion expense is **denied**.

      B.     Optimum Energy's Motion

      As for Optimum Energy's motion, plaintiff merely argues that Optimum Energy failed to meet and confer, therefore did not warrant recovery of its expenses (Docket No. 183, Pl. Memo. at 4).  But this does not provide an excuse for not awarding discovery sanctions when production is made in the face of a motion compelling that production, see Fed. R. Civ. P. 37(a)(5)(A).  As a prevailing party, Optimum Energy is entitled to recover its reasonable motion expenses, while plaintiff is entitled to explain either why nondisclosure was substantially justified or whether other circumstances would make such an award of expenses unjust, see id.

      Optimum Energy is to submit an application of its reasonable motion expenses for the portion of the motion it recovered by **June 30, 2014**, or **seven days** after entry of this Order. Plaintiff may respond to this application by **July 7, 2014**, or **fourteen days** after entry of this Order pursuant to Rule 37(a)(5)(A)(ii) or (iii), either stating that noncompliance was substantially justified, statement that an award of expenses would be unjust, or that the amount claimed is not reasonable.

V.     Patent Claims Mediation

      This Court ordered further mediation under the Local Patent Rules of this Court (Docket No. 174), which require at least three rounds of mediation during the course of a patent action,

W.D.N.Y. Local Patent Rule 6.1.  On May 28, 2014, the parties reported that the patent claims and defenses were no longer in this case.  They requested that the further mediation be adjourned and this Court orally granted that relief.  (Docket No. 188.)  Thus, the mediation deadline (Docket No. 174) is **terminated**.

VI.      Third Amended Schedule

With the resolution of these motions, the schedule for this case can be restarted (cf. Docket No. 179, holding schedule in abeyance).  Therefore, the deadlines of the Second Amended Scheduling Order (Docket No. 148) are amended as follows:

- Discovery concludes by **September 22, 2014, or** 90 days from entry of this Order;

- Dispositive motions are due by **December 22, 2014**;

- Referral to mediation concludes on **January 5, 2015**, but, as previously ordered (Docket No. 188) and above, patent rules mediation sessions are canceled;

- If no dispositive motions are filed, a status report is due by **January 5, 2015**; a Status Conference before the undersigned will be held on **Wednesday, January 14, 2015, at 2 pm**, at the Genesee Courtroom, Robert Jackson United States Courthouse, Buffalo, New York.  The trial readiness of this action will be report to Chief Judge Skretny.  If motions are filed, this status report and Status Conference will be adjourned.

This schedule should allow the parties to complete discovery (including the depositions ordered herein) and the case moves to resolution.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 176) to compel is **granted** and defendant Optimum Energy LLC's similar motion (Docket No. 180) is **granted** (in

particular, compelling the scheduling of the depositions) or **deemed moot** upon plaintiff's

production of the privilege log.

Plaintiff's application to recover its motion expenses is **denied** because Optimum

Energy's non-production was substantially justified, but, as to its cross-motion, Optimum Energy

may submit its reasonable fee application and plaintiff may respond at the schedule indicated

above.

The patent claims mediation deadline (Docket No. 174) is **terminated**.

The Third Amended Scheduling Order (as outlined above) is also entered to replace prior

Scheduling Orders.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
          June 23, 2014