UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMSTRONG PUMP, INC.,

                Plaintiff,

                              **Hon. Hugh B. Scott**

                              10CV446S

              v.

                              **Order**

THOMAS HARTMAN and
OPTIMUM ENERGY LLC,

                Defendants.

      Before the Court is defendant Optimum Energy's application to recover its reasonable motion expenses (Docket No. 192; <u>see</u> Docket No. 191, Order of June 23, 2014, at 8). Pursuant to the Order allowing this application, responses to the application were due by July 7, 2014, and the matter submitted as of that date (Docket No. 191, Order at 8). Plaintiff's counsel submitted a response (Docket No. 194) regarding documents provided to Johnson Controls that plaintiff claims were needed to schedule depositions and advance discovery in this case (<u>id.</u> ¶¶ 2, 4, Ex. A).

      Familiarity with prior proceedings and the latest motion is presumed.

## BACKGROUND

      Both plaintiff and Optimum Energy moved to compel discovery from each other (Docket Nos. 176 (plaintiff), 178, 180 (Optimum Energy)) and this Court granted both motions (or deemed relief sought now to be moot) (Docket No. 191). Optimum Energy was granted leave to

file this application because plaintiff produced discovery sought in the motion to compel while that motion was pending (id. at 8). In response to this application, plaintiff notes post-motion production by Optimum Energy that only now allow plaintiff to propose deposition dates (Docket No. 194, Pl. Atty. Decl. ¶¶ 2-5).

Optimum Energy submits its timely application, seeking to recover its attorneys' fees for time in preparing its motion to compel, noting that it is not for time expended to respond to plaintiff's motion or the meet and confer period prior to filing the motion (Docket No. 192, Optimum Energy Atty. Aff. ¶¶ 30-34, 35-41), cf. Rich Products Corp. v. Bluemke, No. 13CV30, 2014 U.S. Dist. LEXIS 28456 (W.D.N.Y. Mar. 5, 2014) (Scott, Mag. J.), or the time in preparing this application (id. ¶ 39), cf. Robbins-Myers, Inc. v. J.M. Huber Corp., No. 01CV201, 2010 U.S. Dist. LEXIS 108562, at *31-32 (W.D.N.Y. Oct. 12, 2010) (Foschio, Mag. J.). It seeks fees for 16.3 hours of time expended by Randall White, Esq. (id. ¶ 30). Optimum Energy is not seeking to recover its Westlaw research charges (id. ¶ 38). At an hourly rate of $275 per hour, Optimum Energy seeks a total of $4,482.50 for attorneys' fees for this motion (id. ¶ 44, Wherefore Cl.).

Plaintiff, in its response (Docket No. 194) does not address the merits of Optimum Energy's fee application, but (as it is entitled) merely opposes the fee request (id.).

## DISCUSSION

I. Applicable Standards—Reasonable Discovery Motion Expenses

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). The imposition of this initial

sanction may not occur if movant filed the motion before attempting in good faith to resolve the discovery issue without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988 using lodestar method), the components for determining the reasonable attorneys' fee are

3

the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II. Entitlement to Recover Motion Expenses

Optimum Energy seeks to recover only a subset of its attorneys' fees relative to its motion to compel, not claiming Westlaw or other motion expenses. Plaintiff responds by discussing post-motion submissions that only just now allowed plaintiff to propose deposition dates (Docket No. 194). This argument, combined with earlier arguments about proposed dates for these depositions (Docket No. 183, Pl. Atty. Decl. ¶ 5, Ex. C) does not substantially justify plaintiff's objection and failure to schedule the depositions. Plaintiff's present objection is the first reference to the Court that Johnson Control documents were necessary to schedule the deposition of Optimum Energy witnesses, the one issue compelled by this Court. Also, plaintiff's latest argument does not address the belated privilege log it submitted while the motion was pending.

Plaintiff otherwise does not dispute awarding these expenses or the calculation method of Optimum Energy.

III.    Lodestar Calculation

    A.  Time Expended

Optimum Energy seeks only 16.3 hours of Mr. White's time in preparing the motion to compel, which includes preparing the original motion, reviewing plaintiff's response, preparing Optimum Energy's reply, and preparing and arguing the motion (see Docket No. 192, Optimum Energy Atty. Aff. Ex. A). Optimum Energy notes that the oral argument preparation and argument time did not include time to respond to plaintiff's then-pending motion to compel (id. ¶ 34).

Absent objection by plaintiff to the attorneys' time claimed for this motion, this Court finds Optimum Energy's application here to be a **reasonableness number of hours expended** for this motion. Optimum Energy took care to separate out time for plaintiff's motion and other matters and eliminated potential duplication or excessiveness in the time claimed.

    B.  Reasonable Rate

Optimum Energy's counsel states his relative experience in justifying the rate of $275 per hour (a rate less than the firm charges for similar work, Docket No. 192, Optimum Energy Atty. Aff. ¶¶ 43, 44). This rate also is consistent with rates recently upheld by this Court, Rich Products, supra, 2014 U.S. Dist. LEXIS 28456, at *14-15 (approving $300 per hour for partner's rate). Therefore (and absent objection by plaintiff), the rate proposed of $275 per hour is **reasonable** for this District.

    C.  Party Responsible

The final issue is whether plaintiff, or its attorneys, or both are responsible for the reasonable fee amount. Neither party discusses which entity is responsible for these expenses. Absent a

clearly responsible party for plaintiff's failure to produce, which plaintiff now attributes to awaiting Johnson Controls documents from defendants (cf. Docket No. 194), responsibility for this motion expense award is to be jointly borne by both plaintiff and its attorneys.

## CONCLUSION

For the reasons stated above, defendant Optimum Energy's application (Docket No. 192) to recover $4,482.50 as its reasonable motion expenses is **granted**; this Court finds that Optimum Energy is entitled to recover its reasonable motion expenses, that plaintiff's objection and non-disclosure were not substantially justified or provide a basis for other circumstances to make an award to Optimum Energy unjust, the reasonable and recoverable motion expenses for Optimum Energy's motion to compel is $4,482.50 as claimed by Optimum Energy.  **Defendant Optimum Energy is awarded $4,482.50 payable by plaintiff and its attorneys jointly.**

So Ordered.

                                                          */s/ Hugh B. Scott*

                                                       Hon. Hugh B. Scott
                                                   United States Magistrate Judge

Dated: Buffalo, New York
         July 15, 2014