UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMSTRONG PUMP, INC.,

                    Plaintiff,
v.

**DECISION AND ORDER**
10-CV-446S

THOMAS HARTMAN d/b/a THE HARTMAN
COMPANY and OPTIMUM ENERGY LLC

                    Defendants.

1.     Presently before this Court are the parties' objections to Magistrate Judge Scott's Report and Recommendation. When a party objects to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C). After reviewing the report and recommendation, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

2.     In the Report and Recommendation, Judge Scott found that Section 2.1 of the license agreement (the "ALA"), between Plaintiff Armstrong Pump, Inc. ("Armstrong") and Defendant Thomas Hartman, is ambiguous because it is susceptible to "two equally possible interpretations that [the Court] cannot reconcile: 1) Armstrong can make complete, ready-to-use HVAC solutions; or 2) Armstrong can take any action—manufacturing, restoration, or retrofits of new, used, or hybrid HVAC equipment—that 'practices' the LOOP Technology." (Docket No. 324 at 37.) He further found "the two categories in Section 2.1 [to be] in irreconcilable conflict with each other," and *sua sponte*

1

questioned whether Armstrong and Hartman had reached a meeting of the minds on the terms of Section 2.1 because, if not, the ALA is not a valid and enforceable contract. (Id. at 42.) Accordingly, he recommended that an immediate trial be held regarding the validity and enforceability of the ALA, and that the parties' motions for summary judgment be dismissed without prejudice or held in abeyance until the trial is complete.

3. As Hartman noted in one of his submissions, this recommendation had an "extraordinary" impact on the litigants, because—for the first time in this matter—they all agreed on an issue. (Docket No. 340 at 1.) Plaintiff and both defendants argue that the ALA is a valid and enforceable contract, and object to the Judge Scott's *sua sponte* challenge to its validity and recommendation for an immediate trial on an issue as to which no party has sought summary judgment. (Docket Nos. 333, 334, 335.) Critically, both Armstrong and Hartman—the parties to the ALA—believe that they reached a meeting of the minds, and neither argues for the alternative construction advanced by Judge Scott, in which he found it possible that the ALA essentially put no bounds on Armstrong's use of the licensed technology.[1]

4. As Judge Scott notes in the Report and Recommendation:

"[A]t some point virtually every agreement can be said to have a degree of indefiniteness, and if the doctrine is applied with a heavy hand it may defeat the reasonable expectations of the parties in entering into the contract. While there must be a manifestation of mutual assent to essential terms, parties also should be held to their promises and courts should not be pedantic or meticulous in interpreting contract expressions. Before rejecting an agreement as indefinite, a court must be satisfied that the agreement cannot be rendered reasonably certain by reference to an extrinsic standard that makes its meaning clear. The conclusion that a party's promise should be ignored as meaningless is at best a last resort."

---

[1] However, Armstrong and Hartman are still unable agree on the meaning of Section 2.1, and Armstrong simply rejected Judge Scott's interpretation without supplying its own proposed construction.

2

(Docket No. 324 at 35, quoting Cobble Hill Nursing Home, Inc. v. Henry & Warren Corp., 4 N.Y.2d 475, 483, 548 N.E.2d 203, 206 (N.Y. 1989) (internal quotation marks and citations omitted)). Such a last resort is not necessary here.

5. Assuming that ALA is ambiguous, "ambiguously worded contracts should not be interpreted to render them illegal and unenforceable where the wording lends itself to a logically acceptable construction that renders them legal and enforceable." N.L.R.B. v. Local 32B-32J Serv. Emps. Int'l Union, 353 F.3d 197, 202 (2d Cir. 2003) (quoting Walsh v. Schlecht, 429 U.S. 401, 408, 97 S. Ct. 679 (1977)). See also Venizelos S.A. v. Chase Manhattan Bank, 425 F.2d 461, 465 (2d Cir. 1970) ("[I]f an agreement is fairly capable of a construction that will make it valid and enforceable, that construction will be given it."); Eli Lilly Do Brasil, Ltda. v. Fed. Express Corp., 502 F.3d 78, 82 (2d Cir. 2007) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.") (quoting Restatement (Second) of Contracts § 203(a)). The interpretation offered by Judge Scott, that the ALA does not limit Armstrong's use of the licensed technology in any way, is inconsistent with the remainder of the agreement. Moreover, his recommendation is not "consistent with the general rule of contract construction that 'presumes the legality and enforceability of contracts.'" Eli Lilly Do Brasil, Ltda., 502 F.3d at 82 (quoting Walsh, 429 U.S. at 408). This Court therefore finds that, even if Section 2.1 is ambiguous, the enforceability of the ALA is not at issue.

6. Having reviewed the Report and Recommendation *de novo* after considering the objections and the parties' submissions, see 28 U.S.C. § 636(b)(1), this Court does not concur with the recommendation contained in the Report and

Recommendation. Accordingly, the Objections are granted to the extent that they object to the interpretation of Section 2.1 as calling into question the parties' mutual assent to contract, and this finding of the Report and Recommendation is set aside. As noted in Optimum's Objection (Docket No. 335), there are several motions pending that are not dependent on an interpretation of Section 2.1 of the ALA, including motions for dismissal of claims that Armstrong has not opposed. Briefing on these matters has been extensive, including oral argument before the Magistrate Court, and the Magistrate Judge has greater knowledge and familiarity with the parties and issues of this matter. In the interest of efficiency and judicial economy, this Court therefore recommits this matter to Judge Scott to address the motions consistent with this Order. This Court also requests that Judge Scott, if appropriate, address the factual inconsistencies and errors described in the parties' objections and consider whether a less restrictive protective order could be put into place.

IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 324) is set aside, and that this matter is recommitted to the Magistrate Judge;

FURTHER, that the parties' objections (Docket Nos. 333, 334, 335) are GRANTED in part and DENIED in part, consistent with this Order.

SO ORDERED.

Dated: November 26, 2017
Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    United States District Judge