UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMSTRONG PUMP, INC.,

                        Plaintiff,
v.                                      **DECISION AND ORDER**
                                                      10-CV-446S
THOMAS HARTMAN d/b/a THE HARTMAN
COMPANY and OPTIMUM ENERGY LLC,

                        Defendants.

1. Presently before this Court are the parties' objections to Magistrate Judge Scott's Second Report and Recommendation (Docket No. 358). When a party objects to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C). After reviewing the report and recommendation, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Having reviewed the Second Report and Recommendation *de novo* after considering the objections and the parties' submissions, see 28 U.S.C. § 636(b)(1), this Court concurs with Judge Scott's recommendations, with the following exceptions.

2. First, Judge Scott recommends *sua sponte* dismissal of Defendant Optimum's[1] cross claims for patent infringement. No party sought dismissal of these claims, and Optimum persuasively argues that their dismissal is not appropriate at this time. Accordingly, that portion of the recommendation is rejected.

---

[1] Abbreviations and shortened names used herein are consistent with those used in the Second Report and Recommendation.

1

3. Second, Judge Scott recommends allowing breach of contract claims against Optimum and Hartman to continue to trial with respect to Sections 3.2(b), 3.3(d), and 3.3(a) of the ALA. These claims concern Hartman's contracts with Optimum—the OLA and the PPA—and whether entering into those agreements resulted in the breach of Hartman's contract with Armstrong—the ALA. This Court concurs with Judge Scott that Armstrong has presented no evidence that the three contracts at issue are facially inconsistent and, having evaluated the agreements, this Court makes the further finding, as a matter of law, that the contracts are facially consistent and therefore that the rights and obligations set forth in the three agreements are not in conflict with each other.

4. Having so found, this Court concludes that Armstrong has failed to raise a material issue of fact as to the breach of contract claims in its Amended Complaint, specifically that Hartman breached the ALA "[b]y entering the agreement to transfer the rights to Optimum" or "[b]y entering into an inconsistent license agreement with Optimum" (Docket No. 55 at ¶¶ 46, 49), because there is no breach in entering into a second agreement that is not in conflict with the rights and obligations set forth in the first. Moreover, as this Court noted in its previous Decision and Order, claims based on Optimum's alleged overreaching on the rights granted to it under the OLA sound not in contract but in patent infringement—a claim that Armstrong has not made. See Armstrong Pump, Inc. v. Hartman, 745 F. Supp. 2d 227, 241 (W.D.N.Y. 2010) (noting that essentially the same conduct Armstrong now argues to be breach of contract by Optimum "sounds in patent infringement, a claim not asserted in this case"). Nor has Armstrong raised a material issue of fact as to its counterclaims and cross claims, which allege that Optimum and Hartman breached the ALA by entering into the PPA. Again, having found

the terms of the PPA to be consistent with the rights and obligations in the ALA, there is no breach by either Optimum or Hartman in having signed it.[2]  Accordingly, the claims under Sections 3.2(b), 3.3(d), and 3.3(a) of the ALA are dismissed, for essentially the reasons set forth in Hartman and Optimum's objections.

5. Third, with respect to the breach of Section 3.3(e), this Court concurs with Judge Scott's recommendation to dismiss the cross claim against Optimum for failure to make referrals under Section 3.3(e) of the ALA, and his finding that Optimum is not obligated under that section.  However, this Court rejects the recommendation that the Section 3.3(e) claim go forward as to Hartman, because Armstrong has failed to provide evidence of any disputed material fact.  Under that section, Hartman agreed to be diligent in referring to Armstrong "all potential applications" he "learns about that require new chillers or pumps."  It does not require, as Armstrong urges, that Hartman be diligent in learning of potential referrals, only that he be diligent in referring those applications of which he has learned.  Armstrong has not presented any evidence suggesting that Hartman learned of and failed to make even a single referral where the potential application required new chillers or pumps.  A moving party is "entitled to a judgment as a matter of law [where] the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (internal punctuation omitted).  Accordingly, all claims with respect to Section 3.3(e) are dismissed.

---

[2] Optimum further persuasively argues that Armstrong's claims for breach of contract against Optimum (as opposed to Hartman) were limited to a claim under Section 3.3(e).  (See Docket No. 361 at 10-14.)

6. Having dismissed the remaining breach of contract claims under the ALA, this Court finds that all of Armstrong's claims are terminated. Accordingly, Judge Scott's recommendation that Armstrong be limited to nominal damages is set aside as moot. Optimum's cross claims for patent infringement remain.

IT HEREBY IS ORDERED, that this Court ACCEPTS Judge Scott's January 18, 2018 Report and Recommendation (Docket No. 358) in part, REJECTS it in part, and SETS IT ASIDE in part, consistent with this Order;

FURTHER, that Armstrong Pump, Inc.'s objections (Docket No. 363) are DENIED;

FURTHER, that Armstrong Pump, Inc.'s Motion for Summary Judgment (Docket No. 292) is DENIED;

FURTHER, that Armstrong Pump, Inc. is DISMISSED as a party except in its capacity as Counter Defendant to Optimum Energy LLC's cross claim for patent infringement;

FURTHER, that Defendant Mr. Thomas Hartman's objections (Docket No. 362) are GRANTED in part, consistent with this Order;

FURTHER, that Defendant Mr. Thomas Hartman's Motion for Summary Judgment (Docket No. 290) is GRANTED;

FURTHER, Defendant Thomas Hartman is DISMISSED as a party to this case;

FURTHER, that Defendant Optimum Energy LLC's objections (Docket No. 361) are GRANTED in part, consistent with this Order;

FURTHER, that Defendant Optimum Energy LLC's Motion for Summary Judgment (Docket No. 291) is GRANTED;

FURTHER, that Optimum Energy LLC is DISMISSED as a party except in its capacity as Counter Claimant;

FURTHER, that the parties shall re-engage in mediation. The parties must contact their mediator within ten days of the entry date of this order to schedule a mediation session. A mediation session must take place within 45 days of the entry date of this order. The mediator must thereafter file a Mediation Certificate advising this Court on the progress of mediation. If mediation concludes unsuccessfully, this Court will schedule a status conference to discuss trial readiness.

SO ORDERED.

Dated: July 5, 2018
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge